## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC, a Michigan Limited Liability Company,

      Plaintiff/Counter-Defendant,

v

AMERICA'S MONEYLINE, INC., a California Company,

      Defendant/Counter-Plaintiff.

Case No. 22-cv-10228
Hon. Laurie J. Michelson

_____/

WILLIAM E. McDONALD III (P76709)
ROGER P. MEYERS (P73255)
MAHDE Y. ABDALLAH (P80121)
A. LANE MORRISON
MOHEEB H. MURRAY (P63893)
BUSH SEYFERTH PLLC
Attorneys for Plaintiff/Counter-Defendant
100 W. Big Beaver Road, Suite 400
Troy, Michigan 48084
(248) 822-7800
mcdonald@bsplaw.com
meyers@bsplaw.com
abdallah@bsplaw.com
morrison@bsplaw.com
murray@bsplaw.com

JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendant/Counter-Plaintiff
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

MATTHEW D. NOVELLO (P63269)
NOVELLO & ASSOCIATES, PC
Co-counsel for Defendant/Counter-Plaintiff
3542 Lakeview
Highland, Michigan 48356
mnovello@novellolawfirm.com

_____/

## AMERICA'S MONEYLINE INC.'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 15]

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................. ii

MOST CONTROLLING AUTHORITY ......................................... iv

STATEMENT OF ISSUES PRESENTED ........................................v

INTRODUCTION ..........................................................................1

ARGUMENT ..................................................................................3

    I.   THIS COURT SHOULD EXERCISE ITS DISCRETIONARY JURISDICTION UNDER THE DJA IN ORDER TO DETERMINE WHETHER THE ULTIMATUM VIOLATES FEDERAL AND MICHIGAN ANTITRUST STATUTES. ...................................................................................3

        A.    Standard of Review...........................................................3

        B.    This Court Should Exercise Its Jurisdiction Because a Declaratory Judgment that the Ultimatum Violates Federal and Michigan Antitrust Statutes Would Settle the Controversy and Clarify the Legal Relationship between AML and UWM. .....................................................................4

        C.    AML's Request for a Declaratory Judgment is Not being used Merely for "Procedural Fencing" or to Provide an Arena for a Race for *Res Judicata*. ...................................................................7

        D.    This Court Should Exercise its Discretionary Jurisdiction and Determine Whether the Ultimatum Violates Antitrust Statutes Because There Is No More Effective, Alternative Remedy. ......................................9

    II.  UNLIKE THE CLAIM AT ISSUE IN *VICTORY LANE*, AML'S COUNTERCLAIM DOES ALLEGE ANTITRUST INJURY AND DOES SEEK ANTITRUST RELIEF. ......................................................................10

    CONCLUSION..............................................................................14

## <u>INDEX OF AUTHORITIES</u>

### <u>Cases</u>

*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004) ...................................................................7, 8

*Bridgeport Music, Inc. v. Dimension Films*
    401 F.3d 647 (6th Cir. 2004) .......................................................................11

*Byler v. Air Methods Corp.*,
    823 F.App'x 356 (6th Cir. 2020) ...................................................................6

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*,
    746 F.2d 323 (6th Cir. 1984) .............................................................. 3, 4, 6

*Malibu Media, LLC v. Ricupero*,
    705 F. App'x 402 (6th Cir. 2017)...................................................................4

*Scottsdale Ins. Co. v. Flowers*,
    513 F.3d 546 (6th Cir. 2008) .........................................................................7

*United Specialty Ins. Co. v. Cole's Place, Inc.*,
    936 F.3d 386 (6th Cir. 2019) .........................................................................5

*Victory Lane Quick Oil Change, Inc. v. Hoss*,
    659 F.Supp.2d 829 (E.D.) Mich. 2009)............................................... *passim*

*W. World Ins. Co. v. Hoey*,
    773 F.3d 755 (6th Cir. 2014) .....................................................................4, 7

### <u>Statutes</u>

28 U.S.C. § 2201 .............................................................................................3, 5

Fed. R. Civ. P. 13(a)(1).......................................................................................10

Fed. R. Civ. P. 15(a)(2).......................................................................................13

Fed. R. Civ. P. 42(a)....................................................................................................10

## <u>MOST CONTROLLING AUTHORITY</u>

*Byler v. Air Methods Corp.*,
    823 F.App'x 356 (6th Cir. 2020) ........................................................................6

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*,
    746 F.2d 323 (6th Cir. 1984) ................................................................. 3, 4, 6

*Malibu Media, LLC v. Ricupero*,
    705 F. App'x 402 (6th Cir. 2017) ....................................................................4

28 U.S.C. § 2201 ....................................................................................................3, 5

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether this Court should exercise its discretionary jurisdiction under the Declaratory Judgment Act (the "DJA") over Defendant/Counter-Plaintiff's, America's Moneyline, Inc. ("AML"), counterclaim seeking a declaratory judgment that an ultimatum set forth in an agreement between AML and Plaintiff/Counter-Defendant, United Wholesale Mortgage, LLC ("UWM"), violates Federal and Michigan antitrust statutes where:

   A. The factors to be considered by a District Court in determining whether it should exercise discretionary jurisdiction under the DJA all weigh in favor of this Court's exercising its discretionary jurisdiction; and

   B. Judge Feikens' ruling in *Victory Lane Quick Oil Change, Inc. v. Hoss*, 659 F.Supp.2d 829 (E.D. Mich. 2009), does *not* preclude AML's request for declaratory relief in this case.

AML answers:     Yes

## INTRODUCTION

On February 3, 2022, Plaintiff/Counter-Defendant, United Wholesale Mortgage LLC ("UWM"), filed its Complaint against Defendant/Counter-Plaintiff, America's Moneyline, Inc. ("AML"), in this Court. ECF No. 1. Therein, UWM alleges a single count of breach of contract based upon AML's alleged breach of an ultimatum contained in an agreement between AML and UWM (the "Amended AML/UWM Agreement") which purports to require AML to cease doing business with two of UWM's most significant competitors or face termination of its relationship with UWM and/or exorbitant and unconscionable monetary penalties (the "Ultimatum"). ECF No. 7 at ¶ 25, PageID.63.

On February 5, 2022, AML filed its Answer to UWM's Complaint, Affirmative Defenses and Counter-Complaint against UWM. ECF No. 7. Among other things, AML raised antitrust violation as its twelfth Affirmative Defense (*Id.*, PageID.58) and asserted a counterclaim alleging antitrust violations against UWM (*Id.*, PageID.83-86) based upon UWM's requirement that all independent mortgage brokers who want to conduct business with UWM agree to the terms of the Ultimatum and thereby agree to cease doing business with UWM's competitors. *Id.* at ¶ 25, PageID.63.

On March 18, 2022, UWM moved to dismiss the counterclaims set forth in AML's Counter-Complaint. ECF No. 11. As to the AML's counterclaim for

declaratory judgment, UWM sought to dismiss this counterclaim on the purported basis that it was redundant of UWM's claims and AML's defenses. *Id.*, PageID.118-119.

On December 22, 2022, this Court dismissed AML's counterclaims except for AML's counterclaim seeking declaratory judgment that the requirement of the Ultimatum amounted to a violation of Federal and Michigan antitrust laws by UWM. ECF No. 14, PageID.192-193.

Also on December 22, 2022, this Court entered an order requiring AML to show cause "why this Court should exercise its discretion to hear the remaining declaratory-judgment claim" (the "Order to Show Cause"). ECF No. 15 at PageID.195. Specifically, this Court directed AML to address: (1) the factors relevant to the Court's discretion as to whether to exercise its jurisdiction under the DJA; and (2) the holding in *Victory Lane Quick Oil Change, Inc. v. Hoss*, 659 F.Supp.2d 829 (E.D. Mich. 2009) wherein Judge Feikens declined to exercise discretionary jurisdiction over a provision in a franchise agreement which was alleged to violate the Michigan Antitrust Reform Act ("MARA"). *Id*.

As fully set forth herein, weighing the relevant factors as identified by the Sixth Circuit for determining whether this Court should exercise discretionary jurisdiction under the DJA leads to the conclusion that this Court *should* exercise its discretion and consider AML's request for a declaratory judgment that the Ultimatum violates

Federal and Michigan antitrust statutes. Furthermore, AML's request for such declaratory relief is not precluded by Judge Feikens' opinion in *Victory Lane* because AML has properly sought a declaration of its rights under the Amended AML/UWM Agreement and has properly sought antitrust relief.

## ARGUMENT

## I.   THIS COURT SHOULD EXERCISE ITS DISCRETIONARY JURISDICTION UNDER THE DJA IN ORDER TO DETERMINE WHETHER THE ULTIMATUM VIOLATES FEDERAL AND MICHIGAN ANTITRUST STATUTES.

### A. Standard of Review.

The DJA provides that, "[i]n a case of actual controversy within its jurisdiction, … any court of the United States … may *declare the rights and other legal relations of any interested party* seeking such declaration, *whether or not further relief is or could be sought*." 28 U.S.C. § 2201 (emphasis added).

The Sixth Circuit has held that:

> Courts evaluating jurisdiction over a declaratory judgment do so using the five factors articulated in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The *Grand Trunk* factors examine whether the declaratory judgment (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for "procedural fencing" or to "provide an arena for a race for res judicata"; (4) would increase friction between state and federal courts and improperly encroach on

state jurisdiction[1]; and (5) whether there is a more effective, alternative remedy. *Id.* …

*Grand Trunk* directs courts to evaluate "efficiency, fairness, and federalism," as they depend on the facts of a particular case, in determining whether to exercise jurisdiction over a declaratory judgment claim. Our "essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair."

*Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 405 (6th Cir. 2017) (footnote added, some internal citations omitted).

The Sixth Circuit has "never assigned weights to the *Grand Trunk* factors when considered in the abstract" and the factors are not always considered equally. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

### B. This Court Should Exercise Its Jurisdiction Because a Declaratory Judgment that the Ultimatum Violates Federal and Michigan Antitrust Statutes Would Settle the Controversy and Clarify the Legal Relationship between AML and UWM.

As a threshold matter, UWM did not contend that this Court should decline to exercise jurisdiction over AML's counterclaim for declaratory relief and never addressed any of the *Grand Trunk* factors at all, much less contend that any of the *Grand Trunk* factors weighed against the exercise of this Court's discretionary jurisdiction. Rather, UWM only contended that AML's counterclaim for declaratory

---

[1] As this Court confirmed in its Order to Show Cause, the fourth *Grand Trunk* factor regarding friction between state and federal courts is not applicable here since there is no other action pending. ECF No. 15, PageID.195.

4

relief should be dismissed because it was somehow "redundant" of UWM's claims and AML's affirmative defenses. But the alleged "redundancy" of a request for declaratory relief is *not* one of the factors to be considered under the *Grand Trunk* framework and the DJA expressly permits consideration of declaratory relief even where "further relief is or could be sought." 28 U.S.C. § 2201. In fact, UWM contended in its motion to dismiss AML's counterclaims that this Court should address whether AML's counterclaim for declaratory relief does state a claim for which relief could be granted, which would necessarily require the exercise of this Court's jurisdiction over such counterclaim. ECF No. 11, PageID.118-119.

In any event, because "it is almost always the case that if a declaratory judgment will settle the controversy, … it will [also] clarify the legal relations in issue," the inquiries required by these two factors often overlap substantially. *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 397 (6th Cir. 2019) (internal citations omitted).

Here, a declaratory judgment as to whether the Ultimatum violated Federal and Michigan antitrust statutes would fully resolve the controversy and fully clarify the legal relationship between AML and UWM. A determination by this Court that the Ultimatum violates any antitrust statute would render the Ultimatum unenforceable. If the Court makes such a finding, there could be no breach of such provision as a

matter of law and UWM's single claim for breach of contract would fail to state a claim. Specifically, the Amended AML/UWM Agreement states:

> The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions of this Agreement, and any provision determined to be invalid and/or unenforceable by a court or tribunal of competent jurisdiction shall be revised and reformed to make such provision valid and/or enforceable, if possible, to the fullest extent permitted by law, otherwise *this Agreement shall be construed as if such invalid or unenforceable provision was omitted*. ECF No. 1-2 at § 7.13, PageID.35 (emphasis added).

Because there could be no reformation of a provision which violates any antitrust statutes, such provision would be eliminated from the Amended AML/UWM Agreement, and no claim for breach could possibly be premised upon an alleged breach of a non-existent provision.

The Sixth Circuit has recognized that a request for a declaration that a contract is unenforceable supports the exercise of jurisdiction. In *Byler v. Air Methods Corp.*, 823 F.App'x 356, 365-366 (6th Cir. 2020), the Sixth Circuit held:

> The first two *Grand Trunk* factors—whether a declaratory judgment *would settle the controversy between the parties and clarify the legal relations in issue—favor the exercise of jurisdiction*. Plaintiffs asked the court for a declaration that (1) *there is no enforceable contract* and that (2) *without a contract, any attempt to collect excessive fees from plaintiffs is preempted by the ADA*. Were the district court to issue a declaration to this effect, Air Methods would be foreclosed from recovering excessive amounts under either a contract or quasi-contract theory in state court: the contract claim would fail for lack of an enforceable contract, while the quasi-contract contract claim would fail as preempted. (emphasis added).

Thus, if this Court exercises jurisdiction and determines that the Ultimatum is invalid or unenforceable because it is in violation of antitrust law, then the Ultimatum would be omitted from the Amended AML/UWM Agreement by its terms. *Id*. It would then necessarily follow that UWM's claim for breach of the Ultimatum could no longer stand once the Ultimatum provision is omitted from the Amended AML/UWM Agreement. This would both fully resolve the current controversary and also clarify the relationship between AML and UWM.

Thus, these two factors weigh in favor of exercising jurisdiction over AML's claim for declaratory judgment.

### C. AML's Request for a Declaratory Judgment is Not being used Merely for "Procedural Fencing" or to Provide an Arena for a Race for *Res Judicata*.

The term "procedural fencing" "has come to encompass a range of tactics that courts regard as unfair or unseemly." *Hoey*, 773 F.3d at 761 (citation omitted). Primarily, "[t]he third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 5584 (6th Cir. 2008) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). "We are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id*.

7

Given that UWM already filed its claim for breach of contract against AML *before* AML filed its Counter-Complaint, AML's counterclaim seeking a declaration that the sole provision of the Amended AML/UWM Agreement which UWM claims was breached (the Ultimatum) is invalid and unenforceable in light of antitrust laws, AML's counterclaim cannot possibly amount to "procedural fencing" nor a race for *res judicata*.

This issue has already been joined, and this Court will ultimately have to resolve this issue either in the context of AML's twelfth affirmative defense or as in the context of AML's counterclaim for a declaratory judgment that the Ultimatum violates antitrust laws. In either case, UWM's claim for breach of the Ultimatum cannot succeed if this Court determines that the Ultimatum violates antitrust laws. Thus, AML's counterclaim for declaratory relief could not amount to procedural fencing because AML has not sought, and could not obtain, any procedural or substantive advantage as the forum for litigating this claim,[2] the timing of the resolution of this claim nor could AML's counterclaim have been intended to coerce UWM to act differently given that UWM had already filed its claim for breach of contract *before* AML filed its counterclaim.

_____

[2] "The question is … whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *Amsouth Bank v. Dale*, 386 F.3d 763, 789 (6th Cir. 2004). This would be impossible in the matter at bar since UWM filed first and chose its preferred forum.

Similarly, since UWM's claim for breach of contract and AML's counterclaim for declaratory judgment are both pending before this Court, this Court will determine the sequence in which the claims are resolved. Therefore, there is not and could not be a danger of any "race" to gain an opinion from one court which would serve as *res judicata* in some other court.[3]

Thus, this factor weighs in favor of exercising jurisdiction over AML's claim for declaratory judgment.

### D. **This Court Should Exercise its Discretionary Jurisdiction and Determine Whether the Ultimatum Violates Antitrust Statutes Because There Is No More Effective, Alternative Remedy.**

Here, there is no more effective alternative remedy. UWM filed its claim in this Court, and therefore this Court is the proper and only forum to determine whether the Ultimatum violates antitrust statutes. In fact, it would be a waste of the Parties' time and resources, and a waste of judicial resources, for AML to file a separate action seeking declaratory relief which would involve the very same parties and would likely be litigated in this Court in any event.[4] Were such a separate case to be

---

[3] This factor is usually analyzed in the context of two pending litigations (often one in state court and one in federal court) which is not applicable here given that there is only a single litigation taking place in this Court.

[4] There is no dispute that UWM is a Michigan limited liability company with its principal place of business located in Pontiac, Michigan in this judicial district and therefore this Court has personal jurisdiction over UWM. ECF No. 1 at ¶ 1, PageID.1.

filed by AML in this Court, it would be consolidated with this case in any event.

Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law

or fact, the court may … (2) consolidate the actions[.]").

Furthermore, AML was required to bring its counterclaim for declaratory relief

in this action. Fed. R. Civ. P. 13(a)(1) states:

> A pleading *must* state as a counterclaim any claim that—at the time of
> its service—the pleader has against an opposing party if the claim:
>
> (A)   *arises out of the transaction or occurrence that is the subject*
>       *matter of the opposing party's claim*; and
>
> (B)   does *not* require adding another party over whom the court
>       cannot acquire jurisdiction. (emphasis added).

Here, there can be no dispute that AML's counterclaim that the Ultimatum

violates antitrust statutes arises out of the very same transaction or occurrence that

forms the basis for UWM's claim of breach of contract (*i.e.*, the Amended

AML/UWM Agreement). Thus, this factor weighs in favor of exercising jurisdiction

over AML's claim for declaratory judgment.

## II.   UNLIKE THE CLAIM AT ISSUE IN *VICTORY LANE*, AML'S COUNTERCLAIM DOES ALLEGE ANTITRUST INJURY AND DOES SEEK ANTITRUST RELIEF.

As a threshold matter, *Victory Lane Quick Oil Change, Inc. v. Hoss*, 659

F.Supp.2d 829 (E.D. Mich. March 20, 2009), is a District Court opinion affirming a

report and recommendation of a magistrate judge that has no binding precedential

value. *Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 650 (6th Cir. 2004) ("it is a district court opinion and as such has no binding precedential value.").

In any event, *Victory Lane* is wholly distinguishable from the case at bar. In *Victory Lane*, the plaintiff was a franchisor of quick oil change shops who entered into a franchise agreement with the defendants. *Victory Lane*, 659 F.Supp.2d at 832-833. The plaintiff alleged that the defendants violated several aspects of the franchise agreement. *Id*. The defendants filed a counterclaim alleging, among other things, that the non-compete provision of the franchise agreement is an illegal restraint on trade. *Id*. at 837.

Magistrate Judge Pepe issued a report and recommendation wherein he recommended that the plaintiff's motion for summary judgment of the counterclaim seeking declaratory judgment be granted. *Id*. at 840. Magistrate Judge Pepe determined that:

> Defendants/Counterclaimants declaratory judgment does *not* seek a declaration of their rights, but a declaration that a contractual provision within the subject franchise agreement violates the Michigan Antitrust Act, *without seeking actual antitrust relief*. It must be noted that the claim is also an affirmative defense raised by Defendants. "[T]he Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action." Furthermore, because Defendants have not alleged … a claim for antitrust violations, they are in essence seeking a declaration as a competitor, not as a defender of competition. To prevail in an antitrust claim, a Plaintiff must present evidence of an antitrust injury, that competition itself was harmed by the acts of the Defendant. Defendants have offered no evidence in support of the proposition that the provision of the subject franchise agreement creates an antitrust injury. As the

11

declaration requested is not a proper action for declaratory judgment, IT IS RECOMMENDED that this counterclaim be dismissed. (emphasis added, internal citations omitted).

Magistrate Judge Pepe's recommendation was slightly modified and adopted in relevant part by Judge Feikens. *Victory Lane Quick Oil Change, Inc. v. Hoss*, 659 F.Supp.2d 829, 832 (E.D. Mich. Aug. 10, 2009).

The allegations in this case are very different from those in *Victory Lane*. Specifically, in this case, AML alleges that

> The Ultimatum is an anticompetitive practice in violation of MCL 445.773, Section 1 of the Sherman Antitrust Act (15 USC § 1) and the Clayton Antitrust Act (15 USC § 14).

> *UWM is seeking to create a monopoly* in the wholesale mortgage lending industry with its anti-competitive and exclusionary lending agreements that *lock up independent mortgage brokers* with UWM, and *prevent these independent mortgage brokers, like AML, from engaging in open and fair competition with UWM's primary market competitors*. ECF No. 7 at ¶¶ 108-109, PageID.84 (emphasis added).

Thus, AML's counterclaim in this case *does* represent a cognizable claim for antitrust violations and *does* seek antitrust relief (*i.e.*, AML specifically alleges that UWM violated Federal and Michigan antitrust statutes, and seeks relief which will prevent UWM from creating a monopoly and thereby permit independent mortgage brokers, including ALM, to operate in an open, free, fair and competitive environment).

Furthermore, AML *does* allege that competition itself has been harmed because AML alleges that UWM is preventing independent mortgage brokers from operating

in an open, free, fair and competitive environment. *Id*. Thus, unlike the plaintiffs in *Victory Lane*, AML does expressly seek a declaration that the Ultimatum violates Federal and Michigan antitrust statutes, and AML (unlike the defendants in *Victory Lane*) also expressly seeks antitrust *relief* in the form of preventing UWM from creating a monopoly and an unfair and anticompetitive environment for independent mortgage brokers.

Finally, to the extent this Court declares that the Ultimatum does in fact violate antitrust laws, it will be unenforceable by UWM in *all* agreements in which UWM has inserted the Ultimatum. Because AML has alleged that UWM required *all* independent mortgage brokers who wanted to work with UWM to acquiesce to the Ultimatum, the elimination of the Ultimatum from all these agreements will lead to a more competitive market. ECF No. 7 at ¶ 25, PageID.63.

Furthermore, AML is preparing a motion for leave to amend its Counter-Complaint pursuant to Fed. R. Civ. P. 15(a)(2) in order to add a claim for antitrust violations by UWM seeking to recover the monetary damages suffered by AML which were previously overlapping with the monetary damages sought in AML's counterclaims for fraud and misrepresentation and promissory estoppel. Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). AML will be seeking leave to file the amended Counter-Complaint because AML's counterclaims for fraud and misrepresentation and promissory estoppel have been

dismissed by this Court (ECF No. 14) and AML intends to plead and pursue the previously overlapping monetary damages in connection with its antitrust injuries.

## CONCLUSION

For all the foregoing reasons, this Court should exercise its discretion and consider AML's counterclaim for declaratory judgment that the Ultimatum violations Federal and Michigan antitrust laws.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

/s/ Jeffery B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorney for AML
344 North Old Woodward Ave., Suite 200
Birmingham, MI  48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

MATTHEW D. NOVELLO (P63269)
NOVELLO & ASSOCIATES, PC
Co-counsel for Defendant/Counter-Plaintiff
3542 Lakeview
Highland, Michigan 48356
mnovello@novellolawfirm.com

Dated: January 9, 2023

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel in this matter registered with the ECF system.

Respectfully Submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jason R. Hirsch
JASON R. HIRSCH (P58034)
Morganroth & Morganroth, PLLC
Dated:  January 9, 2023          Email: jhirsch@morganrothlaw.com

15