# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S MONEYLINE, INC.<br><br>*Defendant*. | Case No. 2:22-cv-10228<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**UNITED WHOLESALE MORTGAGE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

I. UWM's request for leave to amend was diligently filed and does not prejudice AML..................................................................................................1

II. The Court may exercise personal jurisdiction over the Proposed Defendants. ...........................................................................................................2

III. UWM's proposed claims are plausible—not futile. ........................................4

    A. UWM's breach-of-contract claim with alter-ego allegations against the Proposed Defendants are properly pled. .............................4

    B. The FAC's declaratory-relief claim is ripe for adjudication. ................5

    C. The FAC pleads plausible Voidable Transactions Act claims..............6

# INDEX OF AUTHORITIES

**Cases**

*Franklin Cap. Funding, LLC v. Austin Bus. Fin., LLC*, 676 F. Supp. 3d 515 (E.D. Mich. 2023) ................................................................................................... 4

*Gale v. Gen. Motors*, 556 F. Supp. 2d 689 (E.D. Mich. 2008) ................................ 6

*Gallagher v. Persha*, 891 N.W.2d 505 (2016) ..................................................... 4, 5

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ............................................................................................................. 6

*Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) ................................................ 1

*SCD Chem. Distributors, Inc. v. Medley*, 512 N.W.2d 86 (1994) ........................... 7

*Sullivan v. LG Chem, Ltd.*, 79 F.4th 651 (6th Cir. 2023) ..................................... 2, 3

**Statutes**

28 U.S.C. § 2201(a) .................................................................................................. 6

Cal. Civ. Code § 3439.01 ......................................................................................... 7

MCL § 566.31 .......................................................................................................... 7

MCL § 566.40(3) ...................................................................................................... 6

MCL § 600.705(1) ................................................................................................ 2, 3

MCL § 600.715(1) ................................................................................................ 2, 3

Justice requires that leave be granted for UWM to file its proposed First Amended Complaint ("FAC") against AML, and its alter egos, Mortgage Moneyline ("MML"), Shawn Nevin, and Dean Lob ("Proposed Defendants"), because the FAC is diligently sought, is against parties who are subject to personal jurisdiction in Michigan, and states plausible claims that will withstand a Rule 12(b) motion.

## I. UWM's request for leave to amend was diligently filed and does not prejudice AML.

AML distorts the proper analysis for undue delay. Delay becomes undue when it "plac[es] an unwarranted burden on the court" or "an unfair burden on the opposing party."[1] *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Neither of these burdens exist here, where the case is still in its early stages and discovery is only beginning.[2] ECF No. 40.

AML also mischaracterizes the relevant timeline. Although Shawn Nevin and Dean Lob formed MML in May 2022, the new entity was not prepared to take on AML's operations at its formation. To legally do business and issue mortgages to consumers, MML needed to become licensed and registered in several states. MML only became ready to do that this year, evidenced by AML's undeniable actions.

---

[1] Throughout, unless otherwise noted, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes are omitted.
[2] AML provides no authority for its position that the parties must wait to conduct discovery until all parties have the opportunity to challenge the claims against them.

1

First, from May 2022 through the present, MML obtained mortgage-broker licenses and registrations in 14 states. ECF No. 45-1, PageID.835-36; Ex. A, MML Registrations. By contrast, during the same period, AML's state licensures and registrations drastically declined from 31 to practically one. ECF No. 45-1, PageID.836; Ex. B, AML Registrations. Second, nearly all of AML's employees only recently transferred their mortgage licenses to MML this year, with two employees transferring in January 2024, one in February 2024, and nine in March 2024. ECF No. 45-1, PageID.835-36; ECF No. 45-5. Lastly, in January 2024, when AML's employees began moving to MML, AML changed its office address to a rented private mailbox at a local postal store. ECF No. 45-1, PageID.836. These undisputed facts are not a coincidence. There is no undue delay here where UWM recently discovered AML's tactics and diligently moved for relief with this Court.

**II.    The Court may exercise personal jurisdiction over the Proposed Defendants.**

The Court has specific personal jurisdiction over the Proposed Defendants. AML fails to consider recent caselaw on this issue. Personal jurisdiction exists over the Proposed Defendants under Michigan's long-arm statute—MCL § 600.705(1) and MCL § 600.715(1)—and the three-part due-process test. *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (Three-part test includes (1) purposeful availment, (2) the claim arising out of or relating to the contacts, and (3) substantial enough connection for reasonable jurisdiction).

2

In Michigan, jurisdiction exists where a corporation or individual "transact[ed] any business within the state." MCL § 600.705(1); MCL § 600.715(1). That is the case here. MML is certified to transact business in Michigan, is licensed and registered to issue mortgages in Michigan, and originates mortgage loans for properties located in Michigan. And Shawn Nevin and Dean Lob are the owners and alter egos of AML and MML, are licensed to originate loans in Michigan, and were originating mortgage loans in Michigan for both UWM and the "Select Retail Lenders." ECF No. 45-1, PageID.825-26. These same acts also establish that the Proposed Defendants purposefully availed themselves of the privilege of acting in Michigan. *Sullivan* at 671 (Purposeful availment present where defendant reaches out beyond its home state to exploit a market or enter contractual relationships).

UWM's proposed claims arise from the Proposed Defendants' relationship with Michigan too, because the Proposed Defendants are transacting business and issuing mortgages in Michigan to render AML an empty shell when it faces an adverse judgment in this state. *Id*. at 667 ("Michigan courts have liberally construed the long-arm statute's arising-out-of language."); *Id*. at 672 ("[T]he cause of action need not 'formally' arise from defendant's contacts.")

Lastly, exercising personal jurisdiction over the Proposed Defendants would be reasonable because of the strong contacts they have with Michigan. *Id*. at 674

("[W]hen we find purposeful availment and relatedness, 'an inference arises that this third factor is also present.'") The Court can exercise jurisdiction here.

## III. UWM's proposed claims are plausible—not futile.

### A. UWM's breach-of-contract claim with alter-ego allegations against the Proposed Defendants are properly pled.

AML mischaracterizes UWM's breach-of-contract claim, contending it would be futile against the Proposed Defendants because they never executed a contract with UWM. That misses the point. UWM alleges that the Proposed Defendants are jointly and severally liable as AML's alter egos for AML's contract breaches— because they effectively are AML—seeking to enforce a remedy against them once obtained through a judgment. ECF No. 45-1, PageID.838-89, 842. The FAC plausibly alleges facts to establish that the Proposed Defendants seek to "subvert justice" by being mere instrumentalities of each other to commit a fraud and wrong against UWM to evade a potential judgment. *Franklin Cap. Funding, LLC v. Austin Bus. Fin., LLC*, 676 F. Supp. 3d 515, 526 (E.D. Mich. 2023). That puts them in AML's shoes for purposes of UWM's breach-of-contract claim.

AML's cherry-picked quotations of *Gallagher* are inapposite. When read in its entirety, *Gallagher* holds that a party *may* bring a new action to obtain *post-judgment* relief against a party's alter ego without concerns of res judicata or asserting a separate cause of action. *Gallagher v. Persha*, 891 N.W.2d 505, 513-515 (2016) ("[W]hen a judgment already exists against a corporate entity, an additional

4

cause of action is not needed to impose liability against a shareholder or officer if a court finds the necessary facts to pierce the corporate veil.") *Gallagher* does not require a party to first obtain relief to later enforce that relief in a new action against the adverse party's alter ego. *Id*. *Gallagher* also cites approvingly to other authority allowing claims brought simultaneously against a party and the party's alter ego:

> In *Estate of Hurst* . . . , plaintiff sued both a corporate and individual defendant. . . . In *Acadia Partners* . . . , the Florida appeals court ruled that verdicts that (1) found no liability against the individual defendant, but (2) pierced the corporate veil of the corporate defendant and held the individual liable for the damages awarded against the corporate entity were not inconsistent since 'there was no impediment to a finding of liability on the corporate veil claim even where no liability was assessed on the other claims.' These cases make sense, as they are consistent with the theory of liability created through piercing the corporate veil.

*Id*. at 513-514. If anything, *Gallagher* supports UWM's well-pled allegations.

### B. The FAC's declaratory-relief claim is ripe for adjudication.

AML's defense against UWM's proposed declaratory-relief claim relies on the same flawed reasoning AML asserts against UWM's breach-of-contract claim. UWM's declaratory-relief claim is ripe for adjudication because UWM can concurrently litigate its breach-of-contract claim, alter-ego allegations, and its request for a declaration of the Proposed Defendants' joint-and-several liability. Indeed, UWM will suffer significant harm should it be awarded a judgment but be unable to collect against an empty-shell entity. *Gale v. Gen. Motors*, 556 F. Supp.

5

2d 689, 706 (E.D. Mich. 2008) (Declaratory relief proper where there is "significant possibility that future harm is impending to justify relief.") The factfinder here will concurrently determine whether AML breached its agreement with UWM and whether the Proposed Defendants—as AML's alter-egos—are liable for the breaches. AML already contests these facts—establishing the actual controversy that exists here. Yet the standard for a declaratory relief claim is much lower. Indeed, an agreement need not even be broken or terminated before a party seeks declaratory relief. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137, 127 S. Ct. 764, 777, 166 L. Ed. 2d 604 (2007) (Holding declaratory relief as a proper claim before a party breached or terminated an agreement). That is because the Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought.*" *Id*.

**C. The FAC pleads plausible Voidable Transactions Act claims.**

The FAC plausibly alleges claims under the Voidable Transactions Acts ("VTA") of Michigan and California. AML first seeks to avoid liability under Michigan's VTA under MCL § 566.40(3). But MCL § 566.40(3) merely states that the act will be governed by the local law of the Proposed Defendants, meaning that California law will apply when interpreting Michigan's VTA.

6

AML also seeks to limit the broad definition of "assets" to claim that the FAC does not properly plead VTA claims. Assets is broadly defined to mean a debtor's "property," which is "anything that may be the subject of ownership." Cal. Civ. Code § 3439.01(a), (j); MCL § 566.31(b), (m). The FAC plausibly alleges with particular detail the facts and timeline illustrating the transition of business operations from AML to MML, which undoubtedly includes the assets of AML. These assets, which include AML's accounts receivable, business expectations, equipment, customers, customer lists, and goodwill, ECF No. 45-1, PageID.837, are the subject of ownership. *SCD Chem. Distributors, Inc. v. Medley*, 512 N.W.2d 86, 89 (1994) ("[P]roperty that plaintiff alleges to have been fraudulently conveyed—the inventory, equipment, customers, chemical formulas, product names, and goodwill of Maintenance Research Laboratory, Inc.—are assets within the meaning of the statute."). Where else would AML, which now has only one employee and a postal-box address, transfer such assets? The FAC's VTA claims are therefore not futile.

Respectfully submitted,

By: */s/ Moheeb H. Murray* (P63893)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
murray@bsplaw.com

Dated: July 3, 2024              *Attorneys for United Wholesale Mortgage, LLC*

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S MONEYLINE, INC.<br><br>*Defendant*. | Case No. 2:22-cv-10228<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

## **BRIEF FORMAT CERTIFICATION FORM**

I, Moheeb H. Murray, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true:

- ☐ **(N/A)** the brief contains a statement regarding concurrence, *see* LR 7.1(a);
- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);
- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;
- ☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;
- ☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);
- ☐ **(N/A)** deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

Respectfully submitted,

By: */s/ Moheeb H. Murray*
Moheeb H. Murray (P63893)
William E. McDonald, III (P76709)
Mahde Y. Abdallah (P80121)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
murray@bsplaw.com
mcdonald@bsplaw.com
abdallah@bsplaw.com

A. Lane Morrison (P87427)
**BUSH SEYFERTH PLLC**
5810 Wilson Road, Suite 125
Humble, TX 77396
T/F: (281) 930-6853
morrison@bsplaw.com

Dated: July 3, 2024            *Attorneys for United Wholesale Mortgage, LLC*