# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S MONEYLINE, INC.<br><br>*Defendant*. | Case No. 2:22-cv-10228<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff United Wholesale Mortgage, LLC and Defendant America's Moneyline, Inc., through their undersigned counsel and subject to the approval of the Court, that the parties have reached an agreement on the terms of this Stipulated Protective Order.

WHEREAS, it is anticipated that the parties will be producing documents during discovery in this action, and that some of those documents will be regarded as proprietary and confidential by the producing party, including but not limited to alleged trade secrets, financial and other valuable information not generally known to the public;

WHEREAS, it is anticipated that deposition testimony and interrogatory responses in this matter may include reference to documents regarded as

confidential by a party or otherwise refer to confidential and proprietary information;

WHEREAS, there is good cause for the protection stipulated to by the parties to protect the fairness of the judicial and discovery process; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as is contained here:

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith and on individualized review believes to contain confidential or proprietary information that is not publicly available (e.g., intellectual property, financial, commercial, or other sensitive information) may be designated with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Deposition Testimony** – A party may designate documents, information, or things disclosed at a deposition as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record during the deposition or, within 21 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." All deposition transcripts and exhibits will be deemed CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER for a period of 21 days after the deposition transcript becomes available.

2.1. If a party designates such materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained. Further, during the period in which such "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 3 below shall be excluded from that portion of the deposition.

3. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a. The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b. Experts, consultants, or vendors (together with their clerical staff) retained by the respective parties to assist in this case;

3

  c. A witness at any deposition or other proceeding in this case;

  d. Any court reporter or videographer employed in this case;

  e. Any mediator or facilitator and their staff members; and

  f. This Court and its staff members.

3.1. Materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, or to a testifying or non-testifying expert or consultant unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Agreement attached as Exhibit A. Current employees of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

4. **Filings** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3.

5. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. A

party may designate information produced by third parties as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

6. **Inadvertent Disclosure** – If a party inadvertently fails to mark a document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for which it desires such treatment, it shall so inform the other party. The other party thereupon shall destroy and certify its destruction of the undesignated documents and the party requesting designation shall substitute properly marked documents. No demonstration or proof of error, inadvertence, or excusable neglect by the designating person shall be required for such re-designation.

    6.1. The inadvertent or unintentional disclosure by a party supplying confidential discovery material, regardless of whether such discovery material was designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," shall not be deemed a waiver in whole or in part of that party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties.

7. **Objections** – Should any party object to a designation of any information, documents, or things as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the parties shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of the

information, documents, or things. The parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court for a determination. The party claiming the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such a determination, all material designated as "Confidential" shall be treated as such.

8. **Miscellaneous** – Nothing in this Order shall preclude any party or their attorneys from:

    a. Showing materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document; or

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

9. **Subpoenas** – If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by another party, counsel for that party shall promptly give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

10. **Trial** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and all copies thereof, shall to the extent reasonably practical either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings, deposition testimony and exhibits, and other documents filed with the Court for their files.

12. **Survival** – The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be

any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

**SO ORDERED**

Dated: July 24, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| **MORGANROTH & MORGANROTH, PLLC** <br> Counsel for America's Moneyline, Inc. | **BUSH SEYFERTH PLLC** <br> Counsel for United Wholesale Mortgage, LLC |
| By: /s/ Jason R. Hirsch <br> Jeffrey B. Morganroth (P41670) <br> Jason R. Hirsch (P58034) <br> **MORGANROTH & MORGANROTH PLLC** <br> 344 N. Old Woodward Ave., Ste 200 <br> Birmingham, MI 48009 <br> (248) 864-4000 <br> jmorganroth@morganrothlaw.com <br> jhirsch@morganrothlaw.com | By: /s/ Lane Morrison <br> Moheeb H. Murray (P63893) <br> William E. McDonald, III (P76709) <br> Mahde Y. Abdallah (P80121) <br> **BUSH SEYFERTH PLLC** <br> 100 West Big Beaver Rd., Ste 400 <br> Troy, MI 48084 <br> T/F: (248) 822-7800 <br> murray@bsplaw.com <br> mcdonald@bsplaw.com <br> abdallah@bsplaw.com |
| David A. Ettinger (P26537) <br> **HONIGMAN LLP** <br> 660 Woodward Ave., Ste 2290 <br> Detroit, MI 48226 <br> (313) 465-7368 <br> dettinger@honigman.com | A. Lane Morrison (P87427) <br> **BUSH SEYFERTH PLLC** <br> 5810 Wilson Rd., Ste 125 <br> Humble, TX 77396 <br> T/F: (281) 930-6853 <br> morrison@bsplaw.com |

## **EXHIBIT A**

I, _____, declare as follows:

1. I have read the Protective Order in the case of *United Wholesale Mortgage, LLC v. America's Moneyline, Inc.*, No. 2:22-cv-10228 (E.D. Mich.).

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____       _____
                                                              [Signature]