# Exhibit 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC, a Michigan Limited Liability Company,

    Plaintiff,

v.

Case No. 22-cv-10228
Hon. Laurie J. Michelson

AMERICA'S MONEYLINE, INC., a California Company,

    Defendant.

_____/

| | |
|---|---|
| WILLIAM E. McDONALD III (P76709)<br>ROGER P. MEYERS (P73255)<br>MAHDE Y. ABDALLAH (P80121)<br>LANE MORRISON<br>MOHEEB H. MURRAY (P63893)<br>BUSH SEYFERTH PLLC<br>Attorneys for Plaintiff<br>100 W. Big Beaver Road, Suite 400<br>Troy, Michigan 48084<br>(248) 822-7800<br>mcdonald@bsplaw.com<br>meyers@bsplaw.com<br>abdallah@bsplaw.com<br>morrison@bsplaw.com<br>murray@bsplaw.com | JEFFREY B. MORGANROTH (P41670)<br>JASON R. HIRSCH (P58034)<br>MORGANROTH & MORGANROTH, PLLC<br>Attorneys for Defendant<br>344 North Old Woodward Avenue, Suite 200<br>Birmingham, Michigan 48009<br>(248) 864-4000<br>jmorganroth@morganrothlaw.com<br>jhirsch@morganrothlaw.com<br><br>DAVID A. ETTINGER (P26537)<br>Co-Counsel for Defendant/Counter-Plaintiff<br>HONIGMAN LLP<br>660 Woodward Avenue, Suite 2290<br>Detroit, MI 48226<br>(313) 465-7368<br>DEttinger@honigman.com |

_____/

## DEFENDANT'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, America's Moneyline, Inc. ("AML"), by and through its attorneys, hereby submits its First Request for Production of Documents to Plaintiff, United Wholesale Mortgage, LLC ("UWM"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and requests UWM to produce and/or otherwise permit the copying of all "Documents," having the broadest possible meaning as set forth in the Federal Rules of Civil Procedure and relevant case law, and tangible things, including Documents in their native electronic format, as described below, pursuant to the Federal Rules of Civil at the law offices of Morganroth & Morganroth, PLLC, located at 344 North Old Woodward Avenue, Suite 200, Birmingham, Michigan 48009, within thirty (30) days of the date of service hereof.

These Document Requests shall be deemed continuing and supplemental responses and productions shall be required immediately upon receipt thereof if UWM, directly or indirectly, locates or comes into possession, custody or control of further or additional Documents from the time the responses are served to the time of trial.

## **DEFINITIONS**

"Documents" shall include, without limitation, letters, drawings, pictograms, emojis, words, pictures, sounds, symbols, correspondence, memoranda, notes, agreements, records, writings, certificates, commitment letters, letter agreements,

1

promissory notes, assignments, authorizations, settlements, consents, notices, addenda, confirmations, requests, demands, receipts, statements, invoices, books, reports, files, papers, forms, registers, lists, instruments, ledgers, financial statements, balance sheets, audits, income statements, vouchers, journals, check stubs, checks, licenses, minutes, resolutions, organizational documents, graphs, charts, photographs, phonorecordings, video recordings, tapes, transcripts, e-mails, text messages, instant messages, social media messages, computer disks and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably useable form). The term "Documents" shall include, without limitation, all drafts and non-final versions, alterations, modifications and amendments to any of the foregoing, and include all "Communications."

"Communications" shall mean any contact of any nature, whether written, oral or electronic, from one person to another, and includes, without limitation, written contact by means such as letters, memoranda, emails, text massages, Facebook messages, LinkedIn messages, Teams messages, WhatsApp messages, BOTIM messages, Discord messages, YouTube videos, TikTok videos, SnapChat videos, Slack messages, chat messages, any other social media video, any other social media post, other electronic files, or oral contact including, without limitation, face-to-face meetings and telephone conversations. A "Document" or thing

2

transferred, whether temporarily or permanently, from one person to another shall be deemed to be a Communication between such persons whether or not such Document or thing was prepared or created by the transferor or addressed to the transferee.

"Identify," when requesting information, means to list and describe all of the information requested and, when referring to a person or category of persons, means to state the full name of each person and provide their contact information.

"Relate To" means to constitute, contain, relate to, refer to, reflect, evidence, reference, touch upon, discuss, mention, concern, pertain to, support, contradict, summarize, analyze or in any way logically or factually connect with the matter discussed.

"Ishbia" means Mat Ishbia.

"AML/UWM Agreement" shall mean the Wholesale Broker Agreement between AML and UWM attached as Exhibit A to UWM's Complaint.

"Amended AML/UWM Agreement" shall mean the alleged amended Wholesale Broker Agreement attached as Exhibit B to UWM's Complaint.

"Ultimatum" shall mean the description set forth in Paragraphs 18-20 of UWM's Complaint.

"Liquidated Damages Provision" shall mean the description set forth in Paragraph 7.30 of the Amended AML/UWM Agreement.

"Rocket Pro" shall mean Rocket Pro TPO.

"Rocket Mortgage" shall mean Rocket Mortgage and/or any of its affiliates.

"Fairway Mortgage" shall mean Fairway Independent Mortgage and/or any of its affiliates.

"Welty" shall mean Scott Welty, UWM's Senior Key Account Executive.

"Nevin" shall mean Shawn Nevin, AML's Chief Executive Officer.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

**DOCUMENT REQUEST 1:** All Documents that Relate To any of the allegations set forth in the Complaint.

**RESPONSE:**


**DOCUMENT REQUEST 2:** All Documents supplied to or generated by all experts whom UWM expects to call as an expert witness in this case.

**RESPONSE:**


**DOCUMENT REQUEST 3:** All Documents that Relate To the anticipated testimony of any witness UWM intends to call to testify in this matter.

**RESPONSE:**

**DOCUMENT REQUEST 4:** All exhibits that UWM intends, expects and/or contemplates using for any purpose during the proceedings or at trial in this matter.

**RESPONSE:**

**DOCUMENT REQUEST 5:** All Communications between UWM and AML that Relate To:

   a. The AML/UWM Agreement;

   b. The Amended AML/UWM Agreement;

   c. The Ultimatum;

   d. The Liquidated Damages Provision;

   e. AML loans which were in process at the time UWM ceased accepting loans from AML;

   f. AML's relationship with Rocket Pro; and/or

   g. AML's relationship with Fairway.

**RESPONSE:**

5

**DOCUMENT REQUEST 6:** All Communications between UWM and any and all other mortgage brokers that Relate To:

   a. The Ultimatum;

   b. The Liquidated Damages Provision;

   c. UWM's refusal to process loans because such broker had not agreed to the Ultimatum; and/or

   d. A refusal, hesitancy or reluctance by any mortgage broker to execute the Ultimatum or Liquidated Damages Provision.

**RESPONSE:**

**DOCUMENT REQUEST 7:** All Documents that Relate To AML's loans processed with Rocket Pro for the period of January 1, 2021 to February 3, 2022 inclusive.

**RESPONSE:**

**DOCUMENT REQUEST 8:** All Documents that Relate To AML's loans processed with Fairway Independent Mortgage for the period of January 1, 2021 to February 3, 2022 inclusive.

**RESPONSE:**

6

**DOCUMENT REQUEST 9:** All Documents that Relate To UWM's announcement of the Ultimatum.

**RESPONSE:**

**DOCUMENT REQUEST 10:** All Documents that Relate To UWM loan products for borrowers with credit scores between 580 and 620 for the period of January 1, 2021 through February 3, 2022 inclusive.

**RESPONSE:**

**DOCUMENT REQUEST 11:** All Documents that Relate To any efforts by UWM to enforce the Ultimatum or Liquidated Damages Provision against any other mortgage broker besides AML.

**RESPONSE:**

**DOCUMENT REQUEST 12:** All Documents that Relate To any actions or lack of actions on the part of any decision or determination by UWM that it would not seek to enforce the Ultimatum or Liquidated Damages Provision against any other mortgage broker.

**RESPONSE:**

**DOCUMENT REQUEST 13:** All Documents that Relate To any changes, revisions or modifications of UWM's conditional approval letters from January 1, 2021through February 3, 2022 inclusive.

**RESPONSE:**

**DOCUMENT REQUEST 14:** All Communications wherein UWM indicated, suggested or implied that it would not seek to enforce the Ultimatum or Liquidated Damages Provision as to AML.

**RESPONSE:**

**DOCUMENT REQUEST 15:** All Communications wherein UWM indicated that it will not seek to enforce the Ultimatum or Liquidated Damages Provision as to any mortgage broker other than AML.

**RESPONSE:**

**DOCUMENT REQUEST 16:** All Documents that Relate to Welty's August 12, 2021 visit to AML's headquarters.

**RESPONSE:**

**DOCUMENT REQUEST 17:** All Documents that Relate to any effort by UWM to provide products similar to those Rocket Pro was providing for the period of January 1, 2021 through February 3, 2022 inclusive.

**RESPONSE:**

**DOCUMENT REQUEST 18:** All Documents that Relate to the December 9, 2021 telephone call by and between representatives of AML and representatives of UWM.

**RESPONSE:**

**DOCUMENT REQUEST 19:** All Documents that Relate to the December 13, 2021 telephone call by and between representatives of AML and representatives of UWM.

**RESPONSE:**

**DOCUMENT REQUEST 20:** All Documents that Relate to Nevin's December 15, 2021 voicemail message left for Ishbia.

**RESPONSE:**

**DOCUMENT REQUEST 21:** All Documents that Relate to UWM's decision to cease funding AML's loans in the UWM pipeline in or around January 2022.

**RESPONSE:**

**DOCUMENT REQUEST 22:** All Documents and Communications that Relate To UWM's allegation in Paragraph 19 of UWM's Complaint that AML affirmatively agreed to the "All-In Addendum" on March 4, 2021.

**RESPONSE:**

**DOCUMENT REQUEST 23:** All Documents that Relate To UWM's calculation of the amount of liquidated damages it alleges it is owed based upon the Liquidated Damages Provision.

**RESPONSE:**

**DOCUMENT REQUEST 24:** All Documents that Relate To UWM's calculation of alternative damages identified in Section III of UWM's Initial Disclosures.

**RESPONSE:**

**DOCUMENT REQUEST 25:** All Documents that Relate To any effort by UWM to mitigate its alleged damages.

**RESPONSE:**

**DOCUMENT REQUEST 26:** All Communications to which Ishbia was a party that Relate To:

   a. The Ultimatum;

   b. The Liquidated Damages Provision;

   c. UWM's refusal to process loans because such broker had not agreed to the Ultimatum; and/or

   d. A refusal, hesitancy or reluctance by any mortgage broker to execute the Ultimatum or Liquidated Damages Provision.

**RESPONSE:**

**DOCUMENT REQUEST 27:** All Documents that Relate To each of the 560 mortgage loans referenced in Paragraph 22 of UWM's Complaint.

**RESPONSE:**

**DOCUMENT REQUEST 28:** All fully executed Wholesale Broker Agreements including all amendments and addenda between UWM and any and all wholesale brokers, including AML, for the time period March 1, 2021 through the present.

**RESPONSE:**

**DOCUMENT REQUEST 29:** The wholesale broker agreement(s), including all amendments and addenda, in effect between UWM, on the one hand, and: (a) EMortgage Capital; and (b) UMortgage LLC f/k/a Premier Processing LLC, on the other hand.

**RESPONSE:**

**DOCUMENT REQUEST 30:** All Communications by, between and among UWM and Anthony Casa that Relate To Rocket Mortgage or Fairway Mortgage.

**RESPONSE:**

**DOCUMENT REQUEST 31:** All Communications by, between and among UWM and any of the following (in any combination) that Relate To Rocket Mortgage or Fairway Mortgage:

    a. John Birmingham;

    b. Next Door Lending;

    c. Swift Home Loans;

    d. House of Lending;

    e. Ramie Daood;

    f. RightWay Lending; and

    g. LoanX.

**RESPONSE:**


**DOCUMENT REQUEST 32:** All witness statements, declarations, affidavits, memoranda, correspondence and/or written or recorded (audio and/or video) statements of any kind sent to, received and/or obtained from, or on behalf of, any witness or potential witness in connection with this matter.

**RESPONSE:**

                              Respectfully submitted,

                              <u>/s/ Jeffrey B. Morganroth</u>
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for AML
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

DAVID A. ETTINGER (P26537)
Co-Counsel for AML
HONIGMAN LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226
(313) 465-7368
DEttinger@honigman.com

Dated: August 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I electronically served the foregoing paper upon counsel of record via email.

        MORGANROTH & MORGANROTH, PLLC

        By: /s/ Jason R. Hirsch
        JEFFREY B. MORGANROTH (P41670)
        JASON HIRSCH (P58034)
        Attorneys for Defendant
        344 N. Old Woodward Ave., Suite 200
        Birmingham, MI 48009
        (248) 864-4000
        Email: jhirsch@morganrothlaw.com