# Exhibit 13

**MORGANROTH & MORGANROTH, PLLC**
ATTORNEYS AT LAW
344 NORTH OLD WOODWARD AVENUE
SUITE 200
BIRMINGHAM, MICHIGAN 48009-5310
(248) 864-4000
FAX (248) 864-4001
www.morganrothlaw.com

MAYER MORGANROTH*
JEFFREY B. MORGANROTH**
CHERIE E. MORGANROTH
JASON R. HIRSCH
DANIEL E. HAROLD
JEFFREY M. THOMSON
PAMELA K. BURNESKI
EMILY K. CATANIA*
JESENKA MRDJENOVIC**

* ADMITTED IN MI AND NY
** ADMITTED IN MI, NY AND DC

**VIA EMAIL**

October 22, 2024

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
Bush Seyferth PLLC
100 West Big Beaver Road, Suite 400
Troy, MI 48084
murray@bsplaw.com
mcdonald@bsplaw.com
abdallah@bsplaw.com

A. Lane Morrison, Esq.
Bush Seyferth PLLC
5810 Wilson Road, Suite 125
Humble, TX 77396
morrison@bsplaw.com

Re: *United Wholesale Mortgage, LLC v. America's Moneyline, Inc.,*
ED Mich. Case No. 2:22-cv-10228

Dear Counsel:

I write in connection with the above-referenced matter regarding deficiencies in Plaintiff, United Wholesale Mortgage LLC's ("UWM"), answers and responses to Defendant's, America's Moneyline Inc.'s ("AML") first set of discovery requests (Interrogatories and Requests for Production of Documents) to UWM, as well as UWM's deficient production of documents.

**UWM's Answers to AML's First Set of Interrogatories**

UWM's answers to the Interrogatories identified below are deficient and improper.

**UWM's Answer to Interrogatory No. 1**: This Interrogatory seeks the identity of each individual who prepared or assisted in the preparation of UWM's answers. UWM provides the names of three individuals (Mr. Miller, Ms. DeCiantis and Ms. Demy), but fails to provide any contact information, job titles or job descriptions for any of these individuals. Please immediately supplement UWM's answer in order to provide the requested information.

**UWM's Answer to Interrogatory No. 6:** This Interrogatory seeks the identity of each mortgage broker that refused or declined to execute an agreement with UWM containing the Ultimatum or Liquidated Damages Provision. UWM has refused to provide this information on the grounds that it is not relevant, would be unduly burdensome and is not proportional to the needs of the cases. Given that UWM has alleged that it "decided to end its business relationship with Broker Partners who chose to continue originating loans with select retail lenders specified in the Agreement" (ECF No. 1, PageID.5, ¶ 18), an interrogatory seeking the identities of the brokers who did not sign an agreement containing the Ultimatum or Liquidated Provision is clearly

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
A. Lane Morrison
October 22, 2024
Page 2

relevant in order to determine whether UWM did in fact cease doing business with such mortgage brokers as it alleged it would do. Please immediately supplement UWM's answer to this Interrogatory.

**UWM's Answer to Interrogatory No. 7:** This Interrogatory seeks the identity of each mortgage broker against whom UWM sought to enforce the Ultimatum or Liquidated Damages Provision and information about such enforcement action. UWM objects to this Interrogatory on the grounds that is not relevant, would be unduly burdensome and not proportional to the needs of the case, and that the requested information is public record. The identities of brokers against whom UWM has sought to enforce the Ultimatum and Liquidated Damages Provision is relevant to this matter inasmuch as AML has asserted that UWM represented to AML that it would *not* seek to enforce the Ultimatum and Liquidated Damages Provision. Furthermore, the only public records equally available to AML would be those related to UWM's efforts to enforce the Ultimatum and/or Liquidated Damages Provision in a publicly filed lawsuit, *not* any instances where UWM privately sought to enforce these provisions and/or privately resolved any dispute related to such claims. In any event, this information is far more easily available to UWM inasmuch as UWM *necessarily* knows the identities of the brokers against whom it sought to enforce the Ultimatum and/or Liquidated Damages Provision, whether this was done publicly or privately. Please immediately supplement UWM's answer to this Interrogatory.

**UWM's Answer to Interrogatory No. 8:** This Interrogatory seeks the identity of each mortgage broker who executed an agreement with UWM which contains the Ultimatum or Liquidated Damages Provision. UWM objects to this Interrogatory on the grounds that it is not relevant to any claim or defense, is unduly burdensome and not proportional to the needs of this case. In fact, the identities of mortgage brokers who executed an agreement with UWM which contains the Ultimatum or Liquidated Damages Provision is entirely relevant to this matter inasmuch as AML has asserted that UWM represented to AML that it would not enforce the Ultimatum and Liquidated Damages Provision. AML is therefore entitled to explore whether UWM made the same or similar representations to other brokers in order to persuade, induce and/or compel such brokers to enter into such an agreement with UWM and to independently determine whether UWM did or did not enforce the Ultimatum and Liquidated Damages Provision against other mortgage brokers who did business the lenders excluded by the Ultimatum. Furthermore, this information could shed light on whether the Liquidated Damages Provision was an impermissible penalty or whether it had some rational relationship to the supposed damages suffered by UWM (if any). Please immediately supplement UWM's answer to this Interrogatory.

### UWM's Responses to the Document Requests

UWM's responses and production of documents with respect to the following Document Requests are deficient and improper.

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
A. Lane Morrison
October 22, 2024
Page 3

As a threshold matter, UWM objects to a number of requests for production (UWM's objections to Request Nos. 1, 3, 7, 8, 9, 16, 18-27, 31 and 32) on the basis of attorney-client privilege and the attorney work product doctrine, but UWM has not provided a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A)(ii). Please immediately provide a privilege log as required by the Federal Rules.

In addition, UWM's response to a number of requests for production (Request Nos. 1, 3, 4, 5, 7, 9, 25, 27 and 28) each concludes, following objections, with a referral to various documents produced by UWM. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), please confirm whether any documents were withheld in response to these requests, or whether the referral to the documents produced by UWM indicates that UWM has in fact produced the responsive documents notwithstanding its objections.

**UWM's Response to Document Request No. 6:** This Document Request seeks communications between UWM and mortgage brokers related to the Ultimatum and Liquidated Damages Provision. UWM objects to this Request and refused to produce documents on the ground that its communications with other brokers is irrelevant, unduly burdensome and not proportional to the needs of the case. In fact, UWM's communications with other brokers is relevant to AML's defense that UWM represented that it would not enforce the Ultimatum or Liquidated Damages Provision. UWM's communications with other brokers may shed light upon the positions and representations UWM made to other brokers, which therefore would support AML's assertions as to the representation UWM made to AML regarding the same subject matter. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 10:** This Document Request seeks documents related to UWM loan products for borrowers whose credit scores fell within the range of 580 to 620 for an approximately one-year period of time. UWM objects to this Request and refused to produce documents on the ground that they are irrelevant, unduly burdensome and not proportional to the needs of this case. In fact, such documents are relevant inasmuch as the fact that UWM had no loan products available for many borrowers who fell within a certain credit score range impacts UWM's claim for damages. This fact would demonstrate that UWM could not suffer any damages for loans made to borrowers whose credit score was not acceptable to UWM, and thus support that UWM's claim for liquidated damages would not and could not have any nexus to any actual harm suffered by UWM as to loans UWM simply would not have made. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 11:** This Document Request seeks documents related to UWM's efforts to enforce the Ultimatum or Liquidated Damages Provision against other mortgage brokers. UWM objects to this Request and refused to produce documents on the ground that it is not relevant, unduly burdensome and not proportional to the needs of the case. The requested documents are relevant to AML's defense that UWM represented that it would not enforce the Ultimatum or Liquidated Damages Provision as part of UWM's effort to persuade

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
A. Lane Morrison
October 22, 2024
Page 4

AML to execute an agreement containing such terms. UWM's actions or lack of action to enforce the Ultimatum and/or Liquidated Damages Provision against other brokers therefore sheds light upon whether UWM made representations that it would not seek to enforce these provisions for the same or similar reasons as applied to AML. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 12:** This Document Request seeks documents related to UWM's decision *not* to enforce the Ultimatum or Liquidated Damages Provision against other mortgage brokers. UWM objects to this Request and refused to produce documents on the ground that the requested documents are not relevant, unduly burdensome and not proportional to the needs of this case. Such documents are relevant inasmuch as AML has alleged that UWM represented that it would *not* seek to enforce the Ultimatum or Liquidated Damages Provision against AML as part of UWM's effort to persuade and coerce AML to execute an agreement containing such terms. UWM's decisions not to enforce the Ultimatum and/or Liquidated Damages Provision against other brokers therefore could shed light upon whether UWM made representations that it would not enforce these provisions and demonstrates that UWM chose not to enforce these provisions against a number of other mortgage brokers for the same or similar reasons as applied to AML. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 22:** This Document Request seeks documents that relate to UWM's allegation in Paragraph 9 of its Complaint that AML affirmatively agreed to the "All-In Addendum." UWM objects to this Request and refused to produce documents on the ground that "responsive documents are equally available to AML." UWM's response is entirely without merit. First, AML denies that it ever agreed to the "All-In Addendum," thus no documents are "equally available" to AML because AML contends there are no such documents. Second, UWM refers AML to 5 pages of documents produced by UWM which appear to represent loans submitted by AML to UWM in March 2021. To the extent UWM contends that the submission of these loans somehow represents AML's ascent to the Ultimatum, only UWM would have any documents that support this if such alleged ascent was allegedly given electronically through some web portal which is under the exclusive control of UWM. Thus, such documents, if they exist, would not be available to AML at all. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 23:** This Document Request seeks documents that relate to UWM's calculation of the amount of liquidated damages it alleges it is owed. UWM objects to this Request and refused to produce documents on the ground that "responsive documents are equally available to AML." It is unclear how responsive documents, if any, that UWM used to determine the amount of damages it is seeking, as alleged in Paragraph 34(A) of its Complaint, could possibly be equally available to AML, especially inasmuch as AML asserts that UWM has not suffered any damages at all. To the extent UWM is merely relying upon the list of loans it identifies in this response, UWM should confirm that it has no other documents

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
A. Lane Morrison
October 22, 2024
Page 5

that support its calculation of the amount of its alleged liquidated damages. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 26(c) & (d):** Subparts (c) and (d) of this Document Request seek communications involving Mr. Ishbia that relate to: (1) UWM's refusal to process loans because a mortgage broker had not agreed to the Ultimatum and (2) the refusal, hesitancy or reluctance by any mortgage broker to execute the Ultimatum or Liquidated Damages Provision. UWM objects to this Request and refused to produce documents on the ground that they are not relevant to this action, unduly burdensome and not proportional to the needs of this case. On the contrary, UWM's refusal to process loans for any broker who did not agree to the Ultimatum is relevant to this action inasmuch as this supports AML's allegation that UWM used its refusal to process loans under a then-existing agreement as a tactic to force and coerce brokers to agree to the Ultimatum by leaving them with no choice because unprocessed loans were essentially being held hostage by UWM. Furthermore, Mr. Ishbia's involvement in communications about any broker's refusal or reluctance to agree to the Ultimatum directly impacts Mr. Ishbia's credibility inasmuch as he made public statements wherein he asserted that UWM received a positive response from brokers as to the Ultimatum. See, e.g., https://nationalmortgageprofessional.com/news/76521/more-10000-broker-shops-agree-uwms-addendum. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 28:** This Document Request seeks UWM's fully executed broker agreement from the time it announced the Ultimatum to the present. UWM objects to this Request and refused to produce documents on the ground that they are not relevant or proportional to this action. On the contrary, UWM has asserted that it would not conduct business with any mortgage broker who did not agree to the Ultimatum. Therefore, AML is entitled to determine whether any mortgage brokers with whom UWM has continued to do business have in fact agreed to a broker agreement including the Ultimatum. Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 29:** This Document Request seeks UWM's wholesale broker agreements with two specific mortgage brokers (EMortgage Capital and UMortgage LLC. UWM objects to this Request and refused to produce documents on the ground that they are not relevant or proportional to this action. On the contrary, UWM's agreements with these particular mortgage brokers are relevant because these mortgage brokers are closely affiliated with UWM and generate substantial business for UWM. Whether these mortgage brokers were permitted to continue to do business with UWM *without* agreeing to the Ultimatum is therefore relevant as to UWM's representations to AML and others that it would not enforce the Ultimatum and to UWM's credibility insofar as UWM asserted that it would not do business with any broker who does not agree to the Ultimatum. Furthermore, this information could shed light on whether the Liquidated Damages Provision was an impermissible penalty or whether it had some rational relationship to the supposed damages suffered by UWM (if any). Please immediately supplement UWM's response to this Request.

Moheeb H. Murray, Esq.
William E. McDonald, III, Esq.
Mahde Y. Abdallah, Esq.
A. Lane Morrison
October 22, 2024
Page 6

**UWM's Response to Document Request No. 30:** This Document Request seeks communications between UWM and Anthony Casa related to Rocket Mortgage or Fairway Mortgage. UWM objects to this Request and refused to produce documents on the grounds that they are not relevant to this action, unduly burdensome and are designed to harass and annoy UWM. On the contrary, UWM's communications with Mr. Casa related to Rocket Mortgage and/or Fairway is relevant because UWM's decision to prohibit brokers who worked with UWM from working with only these two specific competitors sheds light on UWM's motivations as well as its claim to liquidated damages. Given Mr. Casa's close ties to UWM and Mr. Ishbia, and his past history of animosity towards Rocket, such communications may shed light upon UWM's motivations for the Ultimatum and its enforcement (or lack of enforcement). Please immediately supplement UWM's response to this Request.

**UWM's Response to Document Request No. 31:** This Document Request seeks communications between UWM and a number of persons and entities that relate to Rocket Mortgage or Fairway Mortgage. UWM objects to this Request and refused to produce documents on the grounds that they are not relevant, not proportional to the needs of this case and designed to harass and annoy UWM. On the contrary, UWM's communications with these persons and entities that relate to Rocket Mortgage and/or Fairway are relevant because UWM's decision to prohibit brokers who worked with UWM from working with only these two specific competitors sheds light on UWM's motivations as well as its claim to liquidated damages. Furthermore, UWM contends that any communications it had with John Birmingham would be privileged, but any communications with Mr. Birmingham other than those for the purpose of *legal* advice would not be privileged. Please immediately supplement UWM's response to this Request.

We look forward to promptly hearing from you.

Sincerely,

MORGANROTH & MORGANROTH, PLLC

/s/ Jason R. Hirsch

Jason R. Hirsch

cc: Jeffrey B. Morganroth
David A. Ettinger