# Exhibit 14



**Mahde Y. Abdallah**
abdallah@bsplaw.com
T/F: 248.822.7860

November 27, 2024

*Via Email*

Jason R. Hirsch
Morganroth & Morganroth, PLLC
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
jhirsch@morganrothlaw.com

> **RE:** ***United Wholesale Mortgage, LLC v. America's Moneyline, Inc.***
> **Response to October 22, 2024 Correspondence**

Dear Mr. Hirsch:

I write in response to your October 22, 2024 letter relating to United Wholesale Mortgage, LLC's ("UWM") answers and objections to America's Moneyline, Inc.'s ("AML") first set of discovery requests. Please note that, where applicable, UWM's discovery responses and objections are paraphrased and not all of UWM's objections are discussed below. UWM expressly reserves all objections not addressed here, as well as any issues that may arise.

### Interrogatories

For Interrogatory No. 1, AML requests that UWM supplement its answer to provide the contact information, job title, and job description for Bryan Miller, Sarah DeCiantis, and Heather Demy. UWM agrees to supplement its answer to include each person's job title and general job description. However, because each person is a UWM employee, any contact with them must be made through UWM's counsel. Contact information will therefore not be provided.

In Interrogatory Nos. 6, 7, and 8, AML seeks the identity of UWM's third-party mortgage broker partners that (1) declined or refused to execute an agreement with UWM which contains the All-In Addendum, (2) against whom UWM has sought to enforce the All-In Addendum, or (3) agreed to the All-In Addendum, with each interrogatory requesting additional information regarding the applicable broker partner. UWM will not supplement its answers to these interrogatories. UWM's breach-of-contract claim is against AML only. Discovery into UWM's third-party mortgage broker partner relationships is irrelevant, because such discovery has no "tendency to make a fact [of consequence] more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. Indeed, evidence that has "no bearing on the ultimate inquiry" is irrelevant and not discoverable. *Mktg. Displays Int'l v. Shaw*, No. 2:22-CV-12287, 2024 WL 3417793, at *3 (E.D. Mich. July 15, 2024) (Granting protective order that prevented discovery into facts that had no bearing on the ultimate issues of the case); *see also Volkswagon AG v. Dorling Kindersley Pub., Inc.*, No. 05-CV-72654-DT, 2007 WL 188087, at *8 (E.D. Mich. Jan. 22, 2007)

November 27, 2024
Page 2

(A party's contracts or relationships with third parties is irrelevant and not discoverable where the claims or defenses at issue are personal to the parties of the case).

Here, the details of UWM's third-party mortgage-broker-partner relationships is wholly irrelevant to whether AML breached its Wholesale Broker Agreement with UWM. AML's claims that UWM's mortgage-broker-partner identities are relevant to determine whether UWM ceased doing business with its mortgage-broker partners or because "AML has asserted that UWM represented to AML that it would *not* seek to enforce" the All-In Addendum are unfounded. UWM's relationships or communications with its third-party mortgage-broker partners has no bearing on whether UWM ceased doing business with AML or whether UWM represented to AML that it would not seek to enforce the All-In Addendum. Further, AML ignores that the Court already rejected its misrepresentation and fraud claims at the outset of this case. *See* Opinion and Order, ECF No.14, PageID.176-189. AML also claims that UWM's mortgage-broker-partner identities are relevant because it *could* shed light on whether the All-In Addendum's liquidated damages provision is a penalty. AML's claim is clearly a fishing expedition as it does not pertain to the applicable law to determine whether liquidated damages are a penalty. Liquidated damages provisions are sustained "if the amount [of liquidated damages] is reasonable with relation to the possible injury suffered and not unconscionable or excessive." *UAW-GM Hum. Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 421 (Mich. Ct. App. 1998). AML does not explain how the identities of UWM's third-party mortgage-broker partners could shed light on whether UWM's liquidated damages in this case are reasonably related to the possible injury UWM could suffer. AML therefore has no basis to seek discovery into UWM's relationships with UWM's third-party mortgage-broker partners.

Further, the requested discovery is unduly burdensome and not proportional to the needs of this case, as UWM would be required to analyze each of its thousands of mortgage-broker-partner relationships to answer the interrogatories, especially where AML has no real need for the information given its irrelevance. AML is not entitled to the requested discovery.

### Requests for Production ("RFP")

**A. Documents relating to UWM's third-party mortgage-broker partner relationships.**

AML requests that UWM produce documents relating to UWM's third-party mortgage-broker partner relationships, including UWM's communications with its mortgage-broker partners relating to the All-In Addendum (RFP No. 6), documents relating to UWM's efforts to enforce the All-In Addendum (RFP No. 11), and documents relating to any decision of UWM not to enforce the All-In Addendum (RFP No. 12). AML claims that the requested discovery is relevant to AML's defense that UWM represented that it would not enforce the All-In Addendum. Again, regardless of whether UWM made such a representation (it did not), the Court has already rejected the legal relevance of the purported representation. *See* Opinion and Order, ECF No.14, PageID.176-189. Further, UWM's communications or relationships with thousands of its third-party mortgage-broker partners has no factual relevance to UWM's individualized communications or relationship with AML, including UWM's enforcement of the All-In Addendum against other mortgage-broker partners.

November 27, 2024
Page 3

AML also seeks Mat Ishbia's communications relating to UWM's refusal to process loans because a broker partner did not agree to the All-In Addendum (RFP No. 26(c)) and Mat Ishbia's communications relating to a refusal, hesitancy, or reluctance of a mortgage-broker partner to execute the All-In Addendum (RFP No. 26(d)). AML posits that the requested discovery is relevant to AML's allegation that UWM used its refusal to process loans under a then-existing agreement as a tactic to force and coerce brokers to agree to the Ultimatum by leaving them with no choice because unprocessed loans were essentially being held hostage by UWM. AML's requested discovery is irrelevant for a host of reasons. First, the Court dismissed UWM's Counterclaim, ECF No. 14, and Amended Counterclaim, ECF No. 35. Thus, AML's allegations have no bearing on the scope of discovery. Second, to the extent AML claims any economic duress, the claim is unfounded because, "given the timeline in the countercomplaint, AML had already agreed to the ultimatum and associated damages" shortly after the All-In Addendum was announced. Opinion and Order, ECF No.14, PageID.179-80. Thus, AML agreed to the All-In Addendum well before the purported coercion. Even if it didn't, UWM's economic-duress defense is invalid, because to the extent UWM refused to process loans as alleged by AML, the refusal was not illegal and did not rise to the level of economic duress. *See Skaates v. Kayser*, 333 Mich. App. 61, 78–79, 959 N.W.2d 33, 43 (2020) ("To successfully demonstrate duress, a party must show 'that they were illegally compelled or coerced to act by fear of serious injury to their persons, reputations, or fortunes.' . . . '[I]t must also be established that the person applying the coercion acted unlawfully.'") And again, UWM's relationships with thousands of its third-party mortgage-broker partners has no relevance to UWM's individualized relationship with AML, including whether AML breached the All-In Addendum to which it agreed. Similarly, whether Mr. Ishbia received positive response feedback from mortgage brokers relating to the All-In Addendum is also irrelevant to UWM's breach-of-contract claim against AML, as it has no "no bearing on the ultimate inquiry." *Mktg. Displays Int'l v. Shaw*, supra.

RFP Nos. 28 and 29 seek UWM's Wholesale Broker Agreements with each of its thousands of third-party mortgage-broker partners in effect since March 2021, including specifically EMortgage Capital and UMortgage. AML believes it is entitled the agreements because "UWM has asserted that it would not conduct business with any mortgage broker who did not agree to the Ultimatum." However, AML has not explained how UWM's agreements with other broker partners has any bearing on the fact that AML agreed to the All-In Addendum and subsequently breached it. Other agreements that purportedly do not include the All-In Addendum do not change that result. AML also claims the EMortgage Capital and UMortgage Wholesale Broker Agreements are relevant because the broker partners are "closely affiliated with UWM," "generate substantial business for UWM," and whether they were permitted to do business with UWM without agreeing to the All-In Addendum is relevant to the alleged UWM representation that it would not enforce the All-In Addendum and not do business with broker partners who did not agree to the All-In Addendum. These repeated boilerplate positions fail for the same reasons discussed above. Nor does the claim that UWM worked with broker partners who did not agree to the All-In Addendum relate to UWM's damages, because the agreements do not show the impact such a relationship would have on the wholesale-broker channel.

November 27, 2024
Page 4

AML additionally seeks UWM's communications with its mortgage-broker partners or counsel relating to Rocket Mortgage or Fairway Mortgage (RFP Nos. 30-31).[1] Yet the requests have no time or subject-matter limitations, are irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. Indeed, the requests seek documents that have no bearing on whether AML breached the All-In Addendum or whether UWM's liquidated damages are a penalty. Further, UWM's decision to include Rocket Mortgage or Fairway Independent Mortgage within the All-In Addendum is inconsequential to whether AML agreed to the All-In Addendum or whether UWM's liquidated damages are reasonably related to the possible injury UWM would suffered by breach of the All-In Addendum. As AML indirectly admits, the requests are nothing more than a fishing expedition into AML's claimed "animosity" between UWM and Rocket.

**B. AML's remaining requests for production.**

RFP No. 10 seeks documents relating to UWM loan products for borrowers with credit scores between 580 and 620 for the period of January 1, 2021 through February 3, 2022. UWM stands on its objections that the requested discovery is irrelevant, not proportional to the needs of this case, overly broad, and unduly burdensome. Indeed, breaches of the All-In Addendum damage the wholesale-mortgage channel as a whole, as more fully stated in UWM's response to RFP No. 24. AML's claim that the requested discovery is relevant to determine whether UWM could suffer damages is therefore unfounded. Further, to the extent that AML is asserting that UWM did not offer competing loan products, AML still had the option to obtain competing loan products from all other wholesale brokers outside of Rocket Mortgage and Fairway. AML presents no evidence that no other wholesale lender did not offer loans to borrowers with credit scores between 580 and 620.

RFP No. 22 requests documents relating to UWM's allegation that "AML affirmatively agreed to the 'All-In Addendum'" on March 4, 2021. In response, UWM produced records reflecting AML's submissions of mortgage-loan applications or mortgage loans to UWM. Under ¶ 7.08 of AML's Wholesale Broker Agreement, AML's submissions constitute its agreement to the All-In Addendum. See ECF No. 1-1, PageID.17 at ¶ 7.08. The Court agrees that AML agreed to the All-In Addendum through its mortgage loan application or mortgage-loan submissions. See Opinion and Order, ECF No.14, PageID.179-80. Yet, AML takes issue with UWM's statement that other documents responsive to this request are equally available to AML. By this, UWM refers to the mortgage-loan applications or mortgage loans that AML submitted, which are undoubtedly in AML's possession, custody, or control. Accordingly, UWM will not supplement its response to RFP No. 22.

RFP No. 23 seeks documents that relate to UWM's calculation of the amount of liquidated damages UWM is owed under the All-In Addendum. In response, UWM produced the limited data in its possession reflecting the number and details of AML's mortgage loans with Rocket Mortgage that violated the All-In Addendum—obtained from publicly available records. Indeed, only AML, Rocket Mortgage, and Fairway Independent Mortgage have possession, custody, or control over

---

[1] RFP No. 31 seeks UWM's communications with John Birmingham—UWM's legal counsel at Foley & Lardner. Such documents are not only irrelevant to this case, but are also privileged.

November 27, 2024
Page 5

documents reflecting the number of mortgage loans or mortgage-loan applications AML submitted to Rocket Mortgage or Fairway Independent Mortgage that allow UWM to calculate its final liquidated damages number. For example, UWM's production reflects only 560 mortgage loans it discovered that violated the All-In Addendum, whereas AML admitted in its interrogatory responses that it submitted "approximately 1,700" mortgage loans and mortgage-loan applications to Rocket Mortgage between March 4, 2021 through March 14, 2022. Thus, UWM's initial calculation was only preliminary and will only increase based on AML's discovery responses admitting a greater number of breaches to the All-In Addendum. Accordingly, UWM will not supplement its response to RFP No. 23, as UWM possesses no other documents responsive to the request.

Should you wish to discuss further, please do not hesitate to contact me to schedule a meet-and-confer on these issues.

Very truly yours,

Mahde Abdallah

Mahde Y. Abdallah

MYA/rag