## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

     *Plaintiff*,

v.

AMERICA'S MONEYLINE, INC., MORTGAGE MONEYLINE INC, SHAWN NEVIN, and DEAN LOB,

     *Defendants*.

Case No. 2:22-cv-10228

Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**JURY TRIAL DEMANDED**

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff United Wholesale Mortgage, LLC ("Plaintiff" or "UWM"), submits this First Amended Complaint against Defendants America's Moneyline, Inc. ("AML"), Mortgage Moneyline Inc ("MML"), Shawn Nevin, and Dean Lob:

### PARTIES

1.    UWM is a Michigan limited liability company with its principal place of business at 585 South Boulevard East, Pontiac, Michigan 48341. UWM's sole member is UWM Holdings, LLC, which is comprised of two members, SFS Holding Corp. and UWM Holdings Corp. SFS Holding Corp. is incorporated in Michigan and has its principal place of business at 585 South Boulevard East, Pontiac,

Michigan 48341. UWM Holdings Corp. is incorporated in Delaware and has its principal place of business at 585 South Boulevard East, Pontiac, Michigan 48341.

2.     Defendant AML is incorporated in California. As of January 18, 2024, AML's principal place of business is located at 23986 Aliso Creek Road, Suite 804, Laguna Niguel, CA 92677. AML's former principal place of business, at the time this action was initially filed on February 3, 2022, was 27081 Aliso Creek Road, Suite 200, Aliso Viejo, California 92656.

3.     AML's current Statement of Information form filed with California's Office of the Secretary of State states that Shawn Nevin is the chief executive officer and a director of AML. The form further states that Dean Lob is AML's secretary and chief financial officer, a director, and agent for service of process.

4.     Defendant MML was incorporated in California on May 11, 2022—three months after this action originally was filed. MML's principal place of business is located at 26039 Acero, Mission Viejo, California 92691. MML's principal place of business at the time of its formation was 30111 Saddleridge Drive, San Juan Capistrano, California 92675, which is also the residential address of its founding director, Dean Lob.

5.     The Articles of Incorporation for MML state that Shawn Nevin and Dean Lob are the founding directors for MML.

6.     Upon information and belief, Defendant Shawn Nevin is a resident of

the City of San Clemente, Orange County, California.

7.     Upon information and belief, Defendant Dean Lob is a resident of the City of San Juan Capistrano, Orange County, California.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this Complaint states an action that is between citizens of different states and, as set out below, involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

9.     This Court has jurisdiction over AML because AML has established minimum contacts with the State of Michigan by, among other things, entering into a contract with a Michigan company, being certified to transact business in Michigan, and holding a license and registration to issue mortgages in Michigan, such that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.

10.     This Court also has jurisdiction over AML because AML agreed to submit any action arising out of its Wholesale Broker Agreement with UWM to the exclusive jurisdiction of this Court in this District and waived its right to challenge this Court's personal jurisdiction over it. *See* 2020 Wholesale Broker Agreement, Ex. A, at § 7.15.

11.     This Court has jurisdiction over MML because MML has established

minimum contacts with the State of Michigan by, among other things, being certified to transact business in Michigan, holding a license and registration to issue mortgages in Michigan, originating mortgage loans for properties located in Michigan, and being the alter ego of AML, Shawn Nevin, and Dean Lob, such that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.

12.     This Court has jurisdiction over Shawn Nevin and Dean Lob because they have established minimum contacts with the State of Michigan by, among other things, being the owners and alter egos of AML and MML and, at all times relevant, being licensed mortgage loan originators in the State of Michigan and originating mortgage loans for properties located in Michigan, including with a Select Retail Lender and UWM, such that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.

13.     Venue in this District is proper under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Further, in the Wholesale Broker Agreement, UWM and AML agreed that they would submit any action arising out of the Agreement to this Court in this District. *See* Ex. A, at § 7.15.

4

## GENERAL ALLEGATIONS

### I.     AML Breaches UWM's All-In Addendum.

14.    UWM is a Pontiac, Michigan-based wholesale mortgage lender that works exclusively with independent mortgage brokers and non-delegated correspondent lenders ("Broker Partners") across the country.

15.    UWM itself does not work directly with borrowers—as do retail lenders—until after a loan has funded. Rather, the Broker Partners communicate directly with borrowers and select from over 100 wholesale lenders to choose the lender and loan product they believe to be the borrower's best option.

16.    UWM provides its Broker Partners considerable resources, including technology, marketing materials, compliance support, training, and more to help the Broker Partners compete, win, and grow their business.

17.    UWM's investment into and support of its Broker Partners is meant to distinguish UWM's exceptional services and those of its Broker Partners from UWM's competitors. UWM takes these investments seriously and expends significant resources to enhance the business of its Broker Partners, as UWM's success is dependent on the long-term success of its Broker Partners.

18.    AML is an independent mortgage broker that advertises itself as servicing over 20 states, despite having surrendered all but five of its state licenses and registrations since this action was originally filed. AML also advertises that,

with over 20 years of mortgage lending experience, its employees are "Home Loan Specialists." AML sales have exceeded more than $1 billion in the last few years alone.

19.     AML's growth and success in the mortgage industry while it did business with UWM is partially attributable to UWM's investment in and support provided to AML as one of its Broker Partners.

20.     In April 2020, AML elected to avail itself of UWM's products, services, and resources and entered into a Wholesale Broker Agreement with UWM (the "Agreement"). *See* Ex. A.

21.     Under the Agreement, AML agreed to "offer to UWM for potential purchase and/or funding certain FHA, VA, USDA, conventional, jumbo and/or non-agency mortgage loans as well as select bond program mortgage loans which fall within the parameters of UWM's mortgage loan products." Ex. A, at p. 1.

22.     In the Agreement, AML made certain warranties and representations to UWM "with regard to each Mortgage Loan [AML] submitted to UWM for underwriting, purchase, and/or funding that [were to be] true, complete and correct in all material respects as of the date of such submission." Ex. A, at § 3.03.

23.     The Agreement makes clear that AML "shall not be obligated to submit any particular mortgage loan applications or any minimum number of loan applications to UWM." Ex. A, at § 7.03.

24.     Further, AML was free to terminate the Agreement for any time and for any reason, upon seven days prior written notice. *See* Ex. A, at § 7.06. Likewise, UWM also may terminate the Agreement for any time and for any reason, upon seven days prior written notice. *See id.* Otherwise, the Agreement was for "for an initial term of one (1) year and [] automatically renew[ed] for successive terms of one (1) year each, unless terminated pursuant to Section 7.06." Ex. A, at § 7.05.

25.     Additionally, UWM requires all Broker Partners to approve yearly Agreement renewals on the anniversary date of the Broker Partner's initial signing of the Agreement with UWM.

26.     The Agreement could be amended in several ways. One such way was under Section 7.08, by which the Agreement could be amended if UWM provided notice to AML of the amendment and, after receiving such notice, AML submitted any mortgage loan or mortgage loan application to UWM:

> This Agreement, and UWM's policies, procedures, requirements and instructions concerning Mortgage Loan Applications and Mortgage Loans, including but not limited to those contained in the UWM Guide, may be amended by UWM from time to time, and UWM will endeavor to provide broker with prompt notice thereof, which may occur by posting any such amendments on UWM's website, which Broker is required to regularly check and monitor as a condition of this Agreement. Broker agrees that the submission of any Mortgage Loan Applications or Mortgage Loans to UWM after such amendment shall be Broker's agreement to the amendment without further signature or consent of any kind. Any such amendment shall apply to pending, and/or future Mortgage Loan Applications submitted by Broker.

Ex. A, at § 7.08.

7

27.     In the event of a breach by AML, the Agreement entitles UWM to recover attorney fees, costs, and other expenses associated with UWM's enforcement of its contractual rights:

> In the event a dispute arises under this Agreement between Broker and UWM, which dispute results in legal action being taken by one or both of the parties, the prevailing party shall be entitled to recover its reasonable attorney fees, costs and other expenses associated with the enforcement of its rights under this Agreement, and the non-prevailing party hereby agrees to promptly pay same.

Ex. A, at § 7.16.

28.     On March 4, 2021, UWM announced its "All-In Initiative," stating that it had decided to end its business relationships with Broker Partners who chose to continue originating loans with certain select retail lenders specified in the Agreement (the "Select Retail Lenders"). UWM made this decision knowing that it could result in ending relationships with some existing Broker Partners but believing that it was necessary to protect the long-term viability of the wholesale mortgage channel. As UWM explained through widespread financial media coverage, UWM believes that the Select Retail Lenders' business model negatively impacts consumers, brokers, and the wholesale mortgage channel in general.

29.     As part of the All-In Initiative, UWM amended certain terms of the wholesale broker agreements by adding Sections 3.03(x) and 7.30, which are terms known as the "All-In Addendum." *See, e.g.*, Ex. B, at §§ 3.03(x), 7.30.

30.     The All-In Addendum includes a warranty and representation that a

Broker Partner will not submit mortgage loans to the Select Retail Lenders, and if the Broker Partner does, such submissions constitute a breach of the Agreement. *See* Ex. B, at § 3.03(x)*.*

31.     Specifically, under the All-In Addendum, a Broker Partner "warrants, represents, and covenants to UWM with regard to each Mortgage Loan submitted to UWM for underwriting, purchase, and/or funding that . . . [it] will not submit a mortgage loan or mortgage loan application to [the Select Retail Lenders] for review, underwriting, purchase, and/or funding." *Id*.

32.     In the event of a breach of the All-In Addendum, a Broker Partner must pay liquidated damages to UWM:

> Broker and UWM agree that the measure of damages in the event of a breach of Broker's representation and warranty under Section 3.03(x) may be difficult, if not impossible, to ascertain. Accordingly, in the event of a violation of Section 3.03(x), Broker shall immediately pay to UWM the greater of: (i) Five Thousand Dollars ($5,000.00) per loan closed with [the Select Retail Lenders] or subject to Section 3.03(x), an Acquired Lender, or (ii) Fifty Thousand Dollars ($50,000.00), as liquidated damages for such breach without the need for proof of damages by UWM. UWM's right to liquidated damages are in addition to (not in lieu of) any other monetary or other remedies UWM may have under this Agreement and/or applicable law.

*Id*. at § 7.30.

33.     Per the terms of the Agreement, specifically Section 7.08, UWM was not required to, nor did UWM compel Broker Partners to, physically sign the All-In Addendum or a new wholesale broker agreement in order for the All-In Addendum

to become effective as an amendment to the Agreement. The Broker Partner could accept the All-In Addendum through UWM's online portal or by continuing to submit Mortgage Loan Applications or Mortgage Loans to UWM after UWM provided notice of the All-In Addendum.

34.   If a Broker Partner wanted to submit mortgage loans or mortgage-loan applications to a Select Retail Lender and not abide by the All-In Addendum, the Broker Partner could terminate its relationship with UWM pursuant to Section 7.06.

35.   After UWM's All-In Initiative announcement, AML continued to submit mortgage loans to UWM.

36.   In June 2021, AML also reviewed UWM's yearly Agreement renewal package, which contained the All-In Addendum, and approved the renewal through UWM's online broker-facing portal.

37.   On or around the same time as the renewal, AML's Shawn Nevin and Dean Lob warranted and represented to UWM that they were the majority owners or shareholders of AML.

38.   Since agreeing to the All-In Addendum, AML submitted at least 599 mortgage loans to the Select Retail Lenders.

39.   AML's mortgage loan submissions to either of the Select Retail Lenders violates the parties' Agreement, as amended.

40.   AML elected to continue doing business with and benefit from UWM

while simultaneously breaching the Agreement by submitting loans to one of the Select Retail Lenders.

41.     AML's mortgage loan submissions to one or both of the Select Retail Lenders have damaged UWM in various ways, including but not limited to, allowing AML to reap the benefits of UWM's investments in and services provided to it as a Broker Partner, including UWM's propriety technology, without complying with the associated Broker Partner requirements, and more importantly, by intentionally and directly undermining the entire purpose of the All-In Initiative.

42.     Under Section 7.30 of the Agreement, AML's submission of at least 559 mortgage loans to one or both of the Select Retail Lenders equates to at least $2,795,000 in liquidated damages.

## II.     MML—AML's Alter Ego—Is Formed Shortly After UWM Files Suit and AML Has Been Transferring Assets to It.

43.     On February 3, 2022, UWM filed this breach-of-contract lawsuit against AML to enforce and recover damages relating to AML's breaches of the All-In Addendum. ECF No. 1.

44.     As explained below, available public records make it abundantly clear that Shawn Nevin and Dean Lob formed MML to shield AML from being held accountable for AML's blatant and incontestable breaches of the All-In Addendum, which entitles UWM to damages. But Shawn Nevin's and Dean Lob's actions render them and MML to be AML's alter egos.

45.     On May 11, 2022, shortly after UWM filed this action and UWM's Motion to Dismiss AML's Counter-Complaint [ECF No. 11] was fully briefed, Shawn Nevin and Dean Lob incorporated MML in California.

46.     MML's principal place of business at the time of its formation was 30111 Saddleridge Drive, San Juan Capistrano, California 92675, which is Dean Lob's residential address.

47.     MML's Articles of Incorporation state that Shawn Nevin and Dean Lob are MML's founding directors. Further, MML's current Statement of Information on file with California's Office of the Secretary of State reflects that Patrick Scanlan is MML's chief executive officer, secretary, and chief financial officer. Mr. Scanlan has served as a mortgage broker with MML since May 2022. Yet, he consecutively served as AML's business relations manager from May 2022 to September 2023 and previously served as a mortgage loan originator with AML from February 2020 to May 2022.

48.     MML also currently employs 16 mortgage loan officers, originators, or employees, each of whom was previously employed by AML immediately before becoming MML's employee.

49.     According to the Nationwide Mortgage Licensing System and Registry ("NMLS") consumer access self-reported employment history, Kenneth Howard's and Zachary Adams' employment changed from AML to MML in January 2024;

John Nation's employment changed from AML to MML in February 2024; and, most recently, the self-reported employment history of Alan Attardo, Brandon Lawrence, Eric Reyes, Jose Perez, Keith David, Matthew Spensieri, Roman Stavchansky, and Sean Minahan changed from AML to MML in March 2024.

50.     The self-reported employment histories of other MML employees reflect their consecutive employment with both AML and MML too, including Shawn Nevin and Dean Lob (who both identified themselves as owners of MML), Patrick Scanlan, Debra Vallejo (a branch manager of MML in Nevada), and Meghan Ganser (a branch manager of AML and MML in California and Hawaii, respectively).[1]

51.     According to NMLS consumer access, AML's sole remaining employee is Shawn Nevin.

52.     Yet, AML's website continues to identify Alan Attardo, Dean Lob, John Nation, Jose Perez, Keith David, Kenneth Howard, Nasser "Michael" Saadati, Parick Scanlan, Roman Stavchansky, and others as AML loan officers.

53.     Even further, from its founding in May 2022 to present, MML has ramped up its mortgage-broker licenses and registrations in various states across the country. MML is now licensed and registered as a mortgage broker in 14 states, all

---

[1] Nasser Saadati's license is held with MML, but his self-reported employment history states that he is still an AML employee.

of which are states in which AML is or was previously licensed or registered.

54.     By contrast, during this same period, AML's state licensures and registrations have drastically declined. Only five of AML's previous 31 state licenses and registrations remain active. Of those five active licenses, AML has requested that four of the licenses and registrations be "surrender[ed]" or "cancel[ed]"—likely with Idaho, the last remaining state, soon to follow. Notably, AML's licensure and registration in its home state of California became inactive in January 2024.

55.     Moreover, MML's California office is located only five miles from AML's former and current office locations, which are less than two miles apart. AML's former office was in an office building in Aliso Viejo, California.[2] Now, however, AML's current office address tracks to a PostalAnnex+ shop in a Laguna Niguel, California strip mall. Upon information and belief, AML's office address is merely a rented private mailbox at the PostalAnnex+ location. AML's change of address in January 2024, followed by the licensure changes of its employees from AML to MML, coincides with AML's California license becoming inactive.

56.     Since December 2023, both AML and MML originated mortgage loans for consumers. However, mortgage loans originated under AML's NMLS number

---

[2]     AML's   website,   https://americasmoneylinedirect.mymortgage-online.com/, continues to list AML's former address. (Last accessed June 6, 2024).

have substantially been affiliated with Shawn Nevin.

57.     As reported on May 17, 2024 by National Mortgage News,[3] AML has

effectively morphed itself into Mortgage Moneyline, Inc at the hands of Shawn

Nevin and Dean Lob:

> AML could not be contacted at the time of publication. The broker's website is no longer functioning and it currently sponsors only one loan officer, per the Nationwide Mortgage Licensing System.

> Meanwhile, Mortgage Moneyline, an entity created two years ago by AML's owner Shawn Nevin and Dean Lob, the company's former chief operating officer, has an active website and over a dozen AML employees registered. Mortgage Moneyline was created in May 2022, three months after UWM filed its $2.8 million suit, documents show.

58.     AML and MML are effectively alter egos/instrumentalities of Shawn

Nevin and Dean Lob and AML and MML are effectively alter egos/instrumentalities

of each other.

59.     Shawn Nevin and Dean Lob formed MML and subsequently began

acquiring or transferring AML's employees and assets to MML, including, upon

information and belief, assets falling under Michigan's and California's Uniform

Voidable Transactions Acts, such as, but not limited to AML's accounts receivable,

business expectations, equipment, customers, customer lists, and goodwill. By doing

---

[3] Maria Volkova, *America's Moneyline cites new evidence in its countersuit against UWM*, NATIONAL MORTGAGE NEWS, https://www.nationalmortgagenews.com/news/americas-moneyline-cites-new-evidence-in-its-countersuit-against-uwm.

so, Shawn Nevin, Dean Lob, AML, and MML have all committed and continue to commit a fraud and wrong against UWM so that AML could evade its obligation to satisfy a potential judgment in UWM's favor in this lawsuit.

60.     Should UWM be awarded a judgment but be unable to collect against AML because of Shawn Nevin's, Dean Lob's, AML's, and MML's fraudulent and wrongful attempts to shield assets from a judgment, UWM will face an unjust loss and injury.

## COUNT ONE
### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

61.     Paragraphs 1 through 60 are incorporated by reference as if fully stated herein.

62.     The Agreement is a valid contract that binds AML and UWM.

63.     UWM amended the Agreement to incorporate the terms of the All-In Addendum, and AML accepted those terms when it continued to submit mortgage loans to UWM after notice of the All-In Addendum terms and when AML approved a renewal of the Agreement, which contained the All-In Addendum's terms, through UWM's online broker-facing portal.

64.     The Agreement, as amended by the All-In Addendum, prohibited AML from submitting mortgage loans to the Select Retail Lenders for review, underwriting, purchase, and/or funding.

65.     AML breached the Agreement, as amended by the All-In Addendum,

by submitting at least 599 mortgage loans to a Select Retail Lenders.

66.    As a result, UWM has suffered damages, both in the amount of at least $2,795,000 in liquidated damages, and through negative effects to its business model.

67.    AML, and its alter egos, MML, Shawn Nevin, and Dean Lob, are jointly and severally liable to UWM for the breaches of the All-In Addendum.

## COUNT TWO
### VIOLATION OF MICHIGAN'S UNIFORM VOIDABLE TRANSACTIONS ACT, MCL § 566.31, *ET SEQ.*, AGAINST ALL DEFENDANTS

68.    Paragraphs 1 through 60 are incorporated by reference as if fully stated herein.

69.    AML, under the direction and control of Shawn Nevin and Dean Lob, transferred its assets to MML with actual intent to hinder, delay, or defraud UWM or without receiving a reasonably equivalent value in exchange for the transfer.

70.    AML believed or reasonably should have believed that it would incur debts, including a potential judgment in UWM's favor, beyond AML's ability to pay as they become due.

71.    As a result of AML's actions, the transfers from AML to MML are voidable under Michigan's Uniform Voidable Transactions Act, MCL § 566.31, *et seq*.

## COUNT THREE
### VIOLATION OF CALIFORNIA'S UNIFORM VOIDABLE TRANSACTIONS ACT, CAL. CIV. CODE § 3439, *ET SEQ.*, AGAINST ALL DEFENDANTS

72.     Paragraphs 1 through 60 are incorporated by reference as if fully stated herein.

73.     AML, under the direction of Shawn Nevin and Dean Lob, transferred its assets to MML with actual intent to hinder, delay, or defraud UWM or without receiving a reasonably equivalent value in exchange for the transfer.

74.     AML believed or reasonably should have believed that it would incur debts, including a potential judgment in UWM's favor, beyond AML's ability to pay as they become due.

75.     As a result of AML's actions, the transfers from AML to MML are voidable under California's Uniform Voidable Transactions Act, Cal. Civ. Code § 3439, *et seq*.

## COUNT FOUR
### DECLARATORY RELIEF AGAINST ALL DEFENDANTS

76.     Paragraphs 1 through 67 are incorporated by reference as if fully stated herein.

77.     A case of actual controversy exists between UWM and the Defendants.

78.     As a result of the actions of Shawn Nevin, Dean Lob, AML, and MML, if judgment is rendered in UWM's favor in this matter, AML will be insolvent and unable to satisfy UWM's damages.

79.     The facts adduced by public records alone establish a pattern of activity where Shawn Nevin, Dean Lob, AML, and MML disregarded AML's and MML's corporate form, thereby rendering AML and MML alter egos/instrumentalities of Nevin and Lob and rendering AML and MML alter egos/instrumentalities of each other.

80.     The actions were specific to UWM and were undertaken with the intent of depriving UWM of the damages AML owes to UWM for breaching the All-In Addendum.

81.     Observing AML's corporate form would defeat justice, perpetuate fraud and wrongful acts, and permit AML, Shawn Nevin, Dean Lob, and MML to evade contractual liability.

82.     UWM is therefore entitled to a declaratory judgment that AML and MML are alter egos/instrumentalities of Shawn Nevin and Dean Lob and that AML and MML are alter egos/instrumentalities of each other.

83.     UWM is further entitled to declaratory relief holding that, should judgment be entered in this lawsuit against AML and in UWM's favor, judgment also be entered jointly and severally against MML, Shawn Nevin, and Dean Lob as AML's alter egos and that MML's, Shawn Nevin's, and Dean Lob's assets be applied to satisfy UWM's anticipated judgment.

## PRAYER FOR RELIEF

UWM respectfully requests that the Court enter judgment and award the following to UWM:

A. A finding that AML breached the All-In Addendum;

B. Damages in the amount of at least $2,795,000;

C. Other compensatory damages relating to AML's breach;

D. Declaratory judgment that AML and MML are alter egos/instrumentalities of Shawn Nevin and Dean Lob and that AML and MML are alter egos/instrumentalities of each other;

E. Declaratory judgment that MML, Shawn Nevin, and Dean Lob be jointly and severally liable to satisfy any judgment awarded to UWM against AML;

F. All relief available under Michigan's Uniform Voidable Transactions Act, MSL § 566.31, *et seq.*;

G. All relief available under California's Uniform Voidable Transactions Act, Cal. Civ. Code § 3439, *et seq.*;

H. Attorney fees, costs, and other expenses UWM incurred in this action;

I. Pre- and post-judgment interest; and

J. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

UWM respectfully demands a trial by jury on all issues triable by jury.


Dated: March 7, 2025                    Respectfully submitted,

                                        By: */s/ Mahde Y. Abdallah*
                                        Moheeb H. Murray (P63893)
                                        William E. McDonald, III (P76709)
                                        Mahde Y. Abdallah (P80121)
                                        **BUSH SEYFERTH PLLC**
                                        100 West Big Beaver Road, Suite 400
                                        Troy, MI 48084
                                        T/F: (248) 822-7800
                                        murray@bsplaw.com
                                        mcdonald@bsplaw.com
                                        abdallah@bsplaw.com

                                        A. Lane Morrison (P87427)
                                        **BUSH SEYFERTH PLLC**
                                        5810 Wilson Road, Suite 125
                                        Humble, TX 77396
                                        T/F: (281) 930-6853
                                        morrison@bsplaw.com

                                        *Attorneys for Plaintiff*
                                        *United Wholesale Mortgage, LLC*