# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S MONEYLINE, INC., MORTGAGE MONEYLINE INC, SHAWN NEVIN, and DEAN LOB,<br><br>*Defendants*. | Case No. 2:22-cv-10228<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

## UNITED WHOLESALE MORTGAGE LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

                                                                           **Page**

I.     AML agreed to the All-In Addendum, which was a valid amendment. .........1

        A.     There is no obligation that each amendment be in a signed writing................................................................................................1

        B.     The All-In Addendum modified the Agreement under Section 7.08. .....................................................................................................2

        C.     AML accepted the All-In Addendum by submitting loans to UWM. .....................................................................................................3

        D.     AML did not terminate or modify the Agreement. ...............................5

II.    AML breached the Agreement by sending loans to Rocket Mortgage. ..........6

III.   AML has not met its burden to evade liquidated damages. ............................6

# INDEX OF AUTHORITIES

**Page**

**CASES**

*Adell Broad. v. Apex Media Sales*,
   708 N.W.2d 778 (Mich. Ct. App. 2005) ............................................................... 3

*Exar Corp. v. Nartron Corp.*,
   89 F.3d 833 (6th Cir. 1996) .................................................................................. 7

*Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*,
   2016 WL 3743130 (E.D. Mich. July 13, 2016) .................................................... 6

*Hemlock Semiconductor Operations, LLC v. SolarWorld Indus.*
   *Sachsen GmbH*,
   867 F.3d 692 (6th Cir. 2017) ............................................................................ 6, 7

*Henricks v. Pickaway Corr. Inst.*,
   782 F.3d 744 (6th Cir. 2015) ................................................................................ 6

*Lelli's Inn, Inc. v. Steven Lelli's Inn on the Green, L.L.C.*,
   2017 WL 6521325 (E.D. Mich. Oct. 24, 2017), *R&R adopted*,
   2017 WL 6513009 (E.D. Mich. Dec. 20, 2017) .................................................... 7

*Miracle-Pond v. Shutterfly, Inc.*,
   2020 WL 2513099 (N.D. Ill. May 15, 2020) ........................................................ 2

*Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*,
   666 N.W.2d 251 (Mich. 2003) .......................................................................... 1, 2

*UWM v. Atlantic Trust Mortg. Corp.*,
   2025 WL 907883, (E.D. Mich. Mar. 25, 2025) ................................................. 2, 3

*UWM v. Kevron Invs., Inc.*,
   2025 WL 968895, (E.D. Mich. Mar. 31, 2025) .......................................... 1, 2, 3, 7

*UWM v. Madison Atrina LLC*,
   2025 WL 968897, (E.D. Mich. Mar. 31, 2025) ............................................. 1, 2, 3

# INDEX OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

MCL § 566.1 ................................................................................................................3

**I.    AML agreed to the All-In Addendum, which was a valid amendment.[1]**

**A.    There is no obligation that each amendment be in a signed writing.**

No signed writing was required to effectuate the All-In Addendum. Section 7.01 explicitly states that "***Except as set forth in Section 7.08***, this Agreement may not be amended except in writing executed by . . . both [parties]." ECF No. 60-1, PageID.1621, at § 7.01. That is, Section 7.01 does not *always* require an amendment be in a signed writing; and if amendment occurs under Section 7.08—which it did, *see infra* Part I(B)—no signed writing is required when UWM makes the amendment, as happened here. The Agreement's designation of an alternate way to amend is proper because "contracting parties are at liberty to design their own guidelines for modification or waiver of the rights and duties established by the contract."[2] *See Quality Prods. & Concepts Co. v. Nagel Precision, Inc.,* 666 N.W.2d 251, 257 (Mich. 2003). Accordingly, because UWM effectuated the amendment under Section 7.08, no signed writing was required and AML's argument fails.[3]

---

[1] AML's claim that UWM's motion is premature is meritless because UWM's new claims in the Amended Complaint do not relate to UWM's motion, UWM complied with its discovery obligations and reasonably responded to AML's discovery requests, and AML has not complied with Rule 56(d)'s affidavit requirement.

[2] Throughout, unless otherwise noted, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes are omitted.

[3] *See UWM v. Kevron Invs., Inc.*, 2025 WL 968895, at *6 (E.D. Mich. Mar. 31, 2025) ("UWM may amend the parties' entire agreement under Section 7.08."); *UWM v. Madison Atrina LLC*, 2025 WL 968897, at *5 (E.D. Mich. Mar. 31, 2025) (same); *UWM v. Atlantic Trust Mortg. Corp.*, 2025 WL 907883, at *5 (E.D. Mich. Mar. 25,

### B. The All-In Addendum modified the Agreement under Section 7.08.

Section 7.08 allowed UWM to amend the Agreement to add the All-In Addendum.[4] Again, a contract may validly contain specific guidelines for how the parties can modify "the rights and duties established by the contract." *Quality Prods.*, 666 N.W.2d at 257; *cf. Miracle-Pond v. Shutterfly, Inc.*, 2020 WL 2513099, at *5 (N.D. Ill. May 15, 2020) ("[W]hen parties agree [] to allow unilateral modifications . . . , subsequent modifications are binding regardless of whether the other party later 'accepts' the change.").[5]

Even if AML were right that Section 7.08 "applies only to amendments concerning Mortgage Loan Applications and Mortgage Loans submitted to UWM," ECF No. 57, PageID.1466, and not also UWM's amendments to "The Agreement," the All-In Addendum meets that standard. Indeed, it required AML to warrant and represent, "**with regard to each Mortgage Loan submitted to UWM,**" that AML

---

2025) ("Section 7.08 permits UWM to amend the Agreement without any writing or signature requirement" by following the provisions of Section 7.08).

[4] *Kevron* at *7 ("[N]o genuine dispute of material fact that UWM validly modified the parties' original agreement under Section 7.08 to include the amended terms.")

[5] Section 7.08's allowance for UWM amendments to the Agreement also does not "completely negate" Section 7.01 either, *contra* ECF No. 57, PageID.1466. *See Atlantic Trust* at *6 ("[U]nder Section 7.08, UWM may amend the Agreement by posting it on its UWM website or otherwise, and the Broker's . . . submission of a Mortgage Loan Application or Mortgage Loan[] constitutes the Broker's acceptance of the amendment . . .. The Broker however may . . . only seek do so through Section 7.01. Thus, Sections 7.01 and 7.08 can be read together without creating any ambiguity or rendering either provision surplusage."); *Madison Atrina* at *5-6.

2

would not submit loans to a Select Retail Lender. ECF No. 60-2, PageID.1630–32, at § 3.03(x). This relates to "UWM's policies, procedures, requirements and instructions concerning Mortgage Loan Applications and Mortgage Loans." ECF No. 60-1, PageID.1622, at § 7.08. The All-In Addendum is valid under Section 7.08.

Finally, MCL § 566.1 does not otherwise prevent the operation of Section 7.08 here. Even if the All-In Addendum is considered an oral modification, the parties' continued business relationship is more than enough consideration to support such an amendment to the Agreement. *See, e.g.*, *Adell Broad. v. Apex Media Sales*, 708 N.W.2d 778, 782 (Mich. Ct. App. 2005).[6]

### C. AML accepted the All-In Addendum by submitting loans to UWM.

AML agreed to the All-In Addendum. AML submitted mortgage loans to UWM after the All-In Addendum was announced on March 4, 2021 and provided to brokers. ECF No. 54-6, PageID.1370–71; ECF No. 54-7, AML Submission Log to UWM. Under Section 7.08 of the Agreement, then, AML's submission of loans to UWM was its "agreement to the [All-In Addendum] without further signature or consent." ECF No. 60-1, PageID.1622, at § 7.08; *Kevron* at *4, 7 ("Because no reasonable jury could find in Kevron's favor that its continued loan submission was not acceptance of UWM's amendment, UWM is entitled to summary judgment.")

---

[6] *See Atlantic Trust* at *7–9 (finding UWM pled sufficient consideration in the form of the "parties' jointly continued business relationship after notice of the All-In Addendum."); *see also Madison Atrina* at *9.

3

This is true for each aspect of the All-In Addendum. As for its substantive terms—that AML agreed to not submit loans to Rocket while also submitting loans to UWM—AML agreed to it soon after the announcement. ECF No. 54-7. As for the liquidated-damages terms—that AML agreed that UWM would suffer damages of $5,000 per loan AML closed with Rocket—AML agreed to that soon after it was amended.[7] Ex. A, Aff. of S. DeCiantis; Ex. B, List of AML Loans to UWM.

Despite agreeing not to, AML then submitted approximately 1,700 loans to Rocket Mortgage—one of the Select Retail Lenders to which AML had promised to not send loans—while it maintained its relationship with UWM under the Agreement, as amended by the All-In Addendum. ECF No. 54-6, PageID.1371, Interrog. No. 3 (answering that AML submitted "approximately 1,450" mortgage loans and mortgage loan applications to UWM and "approximately 1,700" mortgage loans and mortgage loan applications to Rocket between March 4, 2021 and March 14, 2022); Doc. 54-8, List of AML Loans Submitted to Rocket (reflecting over 100 loans submitted to Rocket after October 21, 2021). These submissions occurred after the March 2021 Announcement and the October 2021 liquidated-damages revision.

---

[7] While the substantive obligation set forth in the All-In Addendum, Section 3.03(x), has remained since March 4, 2021, the language of the liquidated damages provision, Section 7.30, changed slightly on October 21, 2021. The revised version of the liquidated damages provision—at issue in the instant motion—uses the number of loans AML submitted to Rocket or Fairway to calculate damages.

4

### D. AML did not terminate or modify the Agreement.

AML invalidly claims that it terminated the Agreement within a month after AML's renewal in June 2021. ECF No. 57, PageID.1470. First, Section 7.06 of the Agreement requires any termination to be made by "written notice," ECF No. 60-1, PageID.1622. The Agreement further requires the notice be delivered as set forth in Section 7.20. *Id.* at PageID.1641. AML produces no evidence of any written notice.

Second, AML cannot—after the close of discovery and to avoid summary judgment—concoct self-serving facts through affidavits that contradict its pleadings and discovery responses. AML claims that it "informed UWM that it was cancelling and terminating its relationship with UWM . . . [and] agreed to enter into a new relationship with UWM only after receiving assurances from UWM that the renewed relationship would not include the Ultimatum." ECF No. 57-2, PageID.1485; ECF No. 57-3, PageID.1495–96. But (1) AML's supporting affidavits go on to say that "AML continued doing business with both Rocket [] and UWM" ***under the terms of its renewal,*** (ECF No. 57-2, PageID.1486-87; ECF No. 57-3, PageID.1496–97); (2) AML's Counter-Complaint states that AML "informed UWM that it was cancelling and terminating the relationship with UWM," but ultimately "*did not terminate the relationship with UWM . . . in the summer of 2021,*" (ECF No. 7, PageID.70–71); and (3) AML's discovery responses made no mention of a purported termination within a month after the June 2021 renewal. *See* ECF No. 54-5,

5

PageID.1359 at RFA No. 11; ECF No. 54-6, PageID.1376, Interrog. No. 10.

Third, AML did not plead termination as a defense to UWM's Complaint. *See* ECF No. 7, PageID.57; *see also Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750 (6th Cir. 2015) (failure to plead results in waiver of affirmative defense).

In any event, even if AML had terminated the Agreement in Summer 2021 and the parties' relationship then continued without the All-In Addendum, AML re-agreed to the All-In Addendum in October 2021 when it submitted loans following UWM's revised All-In Addendum on the 21st of that month. Exs. A-B.

## II. AML breached the Agreement by sending loans to Rocket Mortgage.

After UWM first amended the Agreement to include the All-In Addendum, and later amended to tie liquidated damages to the loans closed with the Select Retail Lenders, AML repeatedly breached it. AML submitted loans to Rocket after the March 4, 2021 Announcement and continued after the October 2021 liquidated-damages revision. ECF No. 54-6, PageID.1370–71, Interrog. No. 3; ECF No. 54-8.

## III. AML has not met its burden to evade liquidated damages.

Because the Agreement, and its later amendments, "was the product of arms-length bargaining by competent commercial entities,"[8] Michigan law places the

---

[8] *See Hemlock Semiconductor Corp. v. Deutsche Solar GmbH,* 2016 WL 3743130, at *20 (E.D. Mich. July 13, 2016) (*Hemlock I*), aff'd sub nom. *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH,* 867 F.3d 692 (6th Cir. 2017) (*Hemlock II*).

6

burden on AML to show why it should be able to evade the provision. *Kevron* at *8-9. AML has not carried its burden. To the extent AML asserts there must be evidence that AML specifically negotiated the liquidated-damages formula at length, Michigan law does not impose any such requirement. *See, e.g., Hemlock II,* 867 F.3d at 706. And AML's bald assertion that UWM "cannot show the existence of any damages at all"—a convenient argument to make when damages are uncertain and difficult to ascertain—also does not carry water. UWM undeniably has damages from a breach. *See* ECF No. 54, PageID.1039; *Kevron* at *9-10. AML failed to meet its burden establishing otherwise. *Exar Corp. v. Nartron Corp.,* 89 F.3d 833 (6th Cir. 1996) (upholding liquidated-damages provision that "appear[ed] reasonable" and where the opposing party "introduced no evidence that the [] provision was unreasonable or uninformed at the time made").

"[C]ourts should give effect to the parties' intent and enforce liquidated-damages provisions unless 'it is obvious from the contract . . . that the principle of compensation has been disregarded,'" *Hemlock II*, 867 F.3d at 706, and should ignore such a provision only "if the parties' agreement is clearly unjust and unconscionable." *Lelli's Inn, Inc. v. Steven Lelli's Inn on the Green, L.L.C.*, 2017 WL 6521325, at *13 (E.D. Mich. Oct. 24, 2017), *R&R adopted*, 2017 WL 6513009 (E.D. Mich. Dec. 20, 2017); *Kevron* at *10 (Enforcing liquidated-damages provision of All-In Addendum). AML has failed to show Section 7.30 should be ignored.

7

        Respectfully submitted,

        By: */s/ Moheeb H. Murray*
        Moheeb H. Murray (P63893)
        William E. McDonald, III (P76709)
        Mahde Y. Abdallah (P80121)
        **BUSH SEYFERTH PLLC**
        100 West Big Beaver Road, Suite 400
        Troy, MI 48084
        T/F: (248) 822-7800
        murray@bsplaw.com
        mcdonald@bsplaw.com
        abdallah@bsplaw.com

        A. Lane Morrison (P87427)
        **BUSH SEYFERTH PLLC**
        5810 Wilson Road, Suite 125
        Humble, TX 77396
        T/F: (281) 930-6853
        morrison@bsplaw.com

Dated: April 4, 2025        *Attorneys for United Wholesale Mortgage, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S MONEYLINE, INC., MORTGAGE MONEYLINE INC, SHAWN NEVIN, and DEAN LOB,<br><br>*Defendants*. | Case No. 2:22-cv-10228<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**BRIEF FORMAT CERTIFICATION FORM**

I, Moheeb H. Murray, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true:

☐ **[N/A]** the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

1

☐ **[N/A]** deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

                Respectfully submitted,

                By: */s/ Moheeb H. Murray*
                Moheeb H. Murray (P63893)
                William E. McDonald, III (P76709)
                Mahde Y. Abdallah (P80121)
                **BUSH SEYFERTH PLLC**
                100 West Big Beaver Road, Suite 400
                Troy, MI 48084
                T/F: (248) 822-7800
                murray@bsplaw.com
                mcdonald@bsplaw.com
                abdallah@bsplaw.com

                A. Lane Morrison (P87427)
                **BUSH SEYFERTH PLLC**
                5810 Wilson Road, Suite 125
                Humble, TX 77396
                T/F: (281) 930-6853
                morrison@bsplaw.com

Dated: April 4, 2025        *Attorneys for United Wholesale Mortgage, LLC*