# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC, a Michigan Limited Liability Company,

    Plaintiff,

v.

AMERICA'S MONEYLINE, INC., MORTGAGE MONEYLINE, INC., SHAWN NEVIN and DEAN LOB,

    Defendants.

Case No. 22-cv-10228
Hon. Laurie J. Michelson

_____/

| | |
|---|---|
| WILLIAM E. McDONALD III (P76709) | JEFFREY B. MORGANROTH (P41670) |
| ROGER P. MEYERS (P73255) | JASON R. HIRSCH (P58034) |
| MAHDE Y. ABDALLAH (P80121) | MORGANROTH & MORGANROTH, PLLC |
| LANE MORRISON | Attorneys for Defendants |
| MOHEEB H. MURRAY (P63893) | 344 North Old Woodward Avenue, Suite 200 |
| BUSH SEYFERTH PLLC | Birmingham, Michigan 48009 |
| Attorneys for Plaintiff | (248) 864-4000 |
| 100 W. Big Beaver Road, Suite 400 | jmorganroth@morganrothlaw.com |
| Troy, Michigan 48084 | jhirsch@morganrothlaw.com |
| (248) 822-7800 | |
| mcdonald@bsplaw.com | DAVID A. ETTINGER (P26537) |
| meyers@bsplaw.com | Co-Counsel for Defendants |
| abdallah@bsplaw.com | HONIGMAN LLP |
| morrison@bsplaw.com | 660 Woodward Avenue, Suite 2290 |
| murray@bsplaw.com | Detroit, MI 48226 |
| | (313) 465-7368 |
| | DEttinger@honigman.com |

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT [ECF NO. 60] AND RELIANCE UPON JURY DEMAND

## ANSWER TO COMPLAINT

Defendants, America's Moneyline, Inc. ("AML"), Mortgage Moneyline, Inc. ("MML"), Shawn Nevin ("Nevin") and Dean Lob ("Lob"), by and through their attorneys, for their Answer and Affirmative Defenses to Plaintiff, United Wholesale Mortgage LLC's ("UWM"), First Amended Complaint [ECF No. 60] state as follows:

### PARTIES

1. In answer to Paragraph 1, Defendants neither admit nor deny the allegations for lack of sufficient information upon which to form a belief.

2. In answer to Paragraph 2, Defendants admit.

3. In answer to Paragraph 3, Defendants admit.

4. In answer to Paragraph 4, Defendants admit.

5. In answer to Paragraph 5, Defendants admit.

6. In answer to Paragraph 6, Defendants admit.

7. In answer to Paragraph 7, Defendants admit.

### JURISDICTION AND VENUE

8. In answer to Paragraph 8, Defendants admit.

9. In answer to Paragraph 9, Defendants admit.

10. In answer to Paragraph 10, Defendants admit that AML and UWM agreed that they would submit any action arising out of the 2020 Wholesale Broker Agreement to this Court.

11. In answer to Paragraph 11, Defendants deny for reason untrue.

12. In answer to Paragraph 12, Defendants deny for reason untrue.

13. In answer to Paragraph 13, Defendants admit that venue is proper with respect to UWM's claim against AML but deny that venue is proper as to MML, Nevin and Lob.

## GENERAL ALLEGATIONS

### I.   AML Breaches UWM's All-In Addendum

14. In answer to Paragraph 14, Defendants neither admit nor deny for lack of sufficient information upon which to form a belief.

15. In answer to Paragraph 15, Defendants neither admit nor deny for lack of sufficient information upon which to form a belief.

16. In answer to Paragraph 16, Defendants deny for reason untrue.

17. In answer to Paragraph 17, Defendants deny for reason untrue.

18. In answer to Paragraph 18, Defendants admit except AML neither admits nor denies the allegation that its sales "have exceeded more than $1 billion in the last few years alone" for lack of sufficient information upon which to form a belief.

19. In answer to Paragraph 19, Defendants deny for reason untrue.

20. In answer to Paragraph 20, Defendants admit only that AML executed the 2020 Wholesale Broker Agreement (the "2020 Agreement").

21. In answer to Paragraph 21, Defendants state that UWM quotes a small portion of the 2020 Agreement and that the full 2020 Agreement speaks for itself.

22. In answer to Paragraph 22, Defendants state that UWM quotes a small portion of the 2020 Agreement and that the full 2020 Agreement speaks for itself.

23. In answer to Paragraph 23, Defendants admit.

24. In answer to Paragraph 24, Defendants state that UWM quotes a small portion of the 2020 Agreement and that the full 2020 Agreement speaks for itself.

25. In answer to Paragraph 25, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

26. In answer to Paragraph 26, Defendants state that UWM quotes a small portion of the 2020 Agreement and that the full 2020 Agreement speaks for itself.

27. In answer to Paragraph 27, Defendants state that UWM quotes a small portion of the 2020 Agreement and that the full 2020 Agreement speaks for itself.

28. In answer to Paragraph 28, Defendants admit only that UWM announced its so-called "All-In Initiative" on or around March 4, 2021. As to the remaining allegations, Defendants neither admit nor deny for lack of sufficient information upon which to form a belief.

29. In answer to Paragraph 29, Defendants admit only that UWM purported to amend certain terms of its wholesale broker agreements.

30. In answer to Paragraph 30, Defendants admit.

31. In answer to Paragraph 31, Defendants state that UWM quotes a small portion of the purported amended agreement. In further answer, Defendants deny for reason untrue that AML ever agreed to the amended agreement.

32. In answer to Paragraph 32, Defendants state that UWM quotes a small portion of the purported amended agreement. In further answer, Defendants deny for reason untrue that AML ever agreed to the amended agreement.

33. In answer to Paragraph 33, Defendants deny for reason untrue.

34. In answer to Paragraph 34, Defendants deny for reason untrue.

35. In answer to Paragraph 35, Defendants admit.

36. In answer to Paragraph 36, Defendants deny for reason untrue inasmuch as UWM had expressly represented to AML that UWM would not seek to enforce the Ultimatum or Liquidated Damages provision against AML.

37. In answer to Paragraph 37, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief. In further answer, Nevin and Lob admit that they were the majority shareholders of AML in June 2021.

38. In answer to Paragraph 38, Defendants deny for reason untrue that AML ever agreed to the so-called "All-In Addendum."

39. In answer to Paragraph 39, Defendants deny for reason untrue.

40. In answer to Paragraph 40, Defendants deny for reason untrue.

41. In answer to Paragraph 41, Defendants deny for reason untrue.

42. In answer to Paragraph 42, Defendants deny for reason untrue.

## II. MML-AML's Alter Ego-Is Formed Shortly After UWM Files Suit and AML Has Been Transferring Assets to It.

43. In answer to Paragraph 43, Defendants admit

44. In answer to Paragraph 44, Defendants deny for reason untrue.

45. In answer to Paragraph 45, Defendants admit.

46. In answer to Paragraph 46, Defendants admit only that they incorporated MML in California on May 11, 2022.

47. In answer to Paragraph 47, Defendants neither admit nor deny the allegation because it is unintelligible.

48. In answer to Paragraph 48, Defendants admit.

49. In answer to Paragraph 49, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

50. In answer to Paragraph 50, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

51. In answer to Paragraph 51, Defendants neither admit nor deny the allegation for lack of sufficient information upon which to form a belief.

52. In answer to Paragraph 52, Defendants deny for reason untrue.

53. In answer to Paragraph 53, Defendants deny for reason untrue.

54. In answer to Paragraph 54, Defendants deny for reason untrue.

55. In answer to Paragraph 55, Defendants admit that MML's California office is located near AML's current and former office locations and that AML's current address is a P.O. Box. Defendants deny the remainder of the allegations for reason untrue.

56. In answer to Paragraph 56, Defendants neither admit nor deny the allegations for lack of sufficient information upon which to form a belief.

57. In answer to Paragraph 57, Defendants deny for reason untrue.

58. In answer to Paragraph 58, Defendants deny for reason untrue.

59. In answer to Paragraph 59, Defendants deny for reason untrue.

60. In answer to Paragraph 60, Defendants deny for reason untrue.

## COUNT ONE
### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

61. In answer to Paragraph 61, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

62. In answer to Paragraph 62, Defendants deny for reason untrue.

63. In answer to Paragraph 63, Defendants deny for reason untrue.

64. In answer to Paragraph 64, Defendants deny for reason untrue.

65. In answer to Paragraph 65, Defendants deny for reason untrue.

66. In answer to Paragraph 66, Defendants deny for reason untrue.

67. In answer to Paragraph 67, Defendants deny for reason untrue.

## COUNT TWO
### VIOLATION OF MICHIGAN'S UNIFORM VOIDABLE TRANSACTIONS ACT, MCL § 566.31, *ET SEQ.*, AGAINST ALL DEFENDANTS

68. In answer to Paragraph 68, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

69. In answer to Paragraph 69, Defendants deny for reason untrue.

70. In answer to Paragraph 70, Defendants deny for reason untrue.

71. In answer to Paragraph 71, Defendants deny for reason untrue.

## COUNT THREE
### VIOLATION OF CALIFORNIA'S UNIFORM VOIDABLE TRANSACTIONS ACT, CAL. CIV. CODE § 3439, *ET SEQ.*, AGAINST ALL DEFENDANTS

72. In answer to Paragraph 72, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

73. In answer to Paragraph 73, Defendants deny for reason untrue.

74. In answer to Paragraph 74, Defendants deny for reason untrue.

75. In answer to Paragraph 75, Defendants deny for reason untrue.

## COUNT FOUR
### DECLARATORY RELIEF AGAINST ALL DEFENDANTS

76. In answer to Paragraph 76, Defendants restate and incorporate by reference all Paragraphs of this Answer as if fully set forth herein.

77. In answer to Paragraph 77, Defendants admit.

78. In answer to Paragraph 78, Defendants deny for reason untrue.

79. In answer to Paragraph 79, Defendants deny for reason untrue.

80. In answer to Paragraph 80, Defendants deny for reason untrue.

81. In answer to Paragraph 81, Defendants deny for reason untrue.

82. In answer to Paragraph 82, Defendants deny for reason untrue.

83. In answer to Paragraph 83, Defendants deny for reason untrue.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court dismiss UWM's FAC in its entirety with prejudice, and award to Defendants the costs and attorney fees they incurred in having to defend against the FAC.

## AFFIRMATIVE DEFENSES

Defendants, for their Affirmative Defenses to UWM's FAC, state as follows:

1. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>.

2. <u>Fraud in the Inducement</u>. UWM is precluded from pursuing any claims against Defendants by virtue of UWM's fraud in the inducement as to AML.

3. <u>Unclean Hands.</u>  UWM is precluded from pursuing any claims against Defendants by virtue of its unclean hands.

4. <u>Estoppel.</u> UWM is estopped from collecting any amounts from Defendants by virtue of its wrongful, tortious and bad faith acts in violation of the law.

5. <u>Waiver.</u> UWM, by its words and actions, waived its right to enforce alleged breaches of the purported amended agreement.

6. <u>No Breach by AML.</u> AML has not breached any obligations owed to UWM.

7. <u>No Proximate Cause</u>. Any damages suffered by UWM, which damages are denied, were not proximately caused by any act or omission of Defendants or breach of any legal duty owed by Defendants to UWM, but were instead caused by the acts, omissions or conduct of UWM itself.

8. <u>No Damages</u>. UWM has suffered no damages.

9. <u>Failure to Mitigate</u>. UWM is not entitled to any relief because it has failed to take reasonable steps to mitigate its alleged damages.

10. <u>Bad Faith and Harassment</u>. UWM's claims against Defendants are brought in bad faith and for purposes of harassment.

11. <u>Good Faith Conduct by Defendants</u>. UWM is barred from pursuing its claims by virtue of the fact that Defendant acted in good faith at all times relevant hereto.

12. <u>Antitrust Violations</u>. The 2021 Agreement is void, invalid and unenforceable inasmuch as it is anticompetitive in violation of the antitrust laws of the United States.

13. <u>Unconscionable</u>. The purported amended agreement is unconscionable.

14. <u>Economic Duress</u>. The purported amended agreement is unenforceable because it was entered into under economic duress.

15. <u>Reservation to Supplement or Amend</u>. Defendants reserve the right to supplement or amend these Affirmative Defenses as additional information becomes known during discovery.

## **RELIANCE UPON UWM'S DEMAND FOR JURY TRIAL**

Defendants hereby rely upon UWM's demand for jury trial in the above-entitled matter.

Respectfully submitted,

| | |
|---|---|
| /s/ Jeffery B. Morganroth<br>JEFFREY B. MORGANROTH (P41670)<br>JASON R. HIRSCH (P58034)<br>MORGANROTH & MORGANROTH, PLLC<br>Attorneys for Defendants<br>344 North Old Woodward Avenue, Suite 200<br>Birmingham, Michigan 48009<br>(248) 864-4000<br>jmorganroth@morganrothlaw.com<br>jhirsch@morganrothlaw.com | DAVID A. ETTINGER (P26537)<br>Co-Counsel for Defendants<br>HONIGMAN LLP<br>660 Woodward Avenue, Suite 2290<br>Detroit, MI 48226<br>(313) 465-7368<br>DEttinger@honigman.com<br><br>April 24, 2025 |